U.S. DISTRICT COURT – N.D. OF N.Y.

FILED

Feb 6, 2026

John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Wyatt Wagner | ) | |
| Plaintiff | ) | Civil Case No.6:25-cv-00659-BKS-TWD |
| | ) | |
| vs. | ) | **SECOND AMENDED COMPLAINT** |
| Defendant(s) | ) | **(Jury Trial Demanded)** |
| Copenhagen Central School District | ) | |
| & Scott Connell, individually & in his | ) | |
| official capacity as Superintendent of | ) | |
| School | ) | |

## I. JURISDICTION AND VENUE

1. **Federal Jurisdiction:** This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights).

2. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over the New York State law claims (Defamation, Negligence, Promissory Estoppel, and Labor Law § 740) pursuant to 28 U.S.C. § 1367, as these claims form part of the same case or controversy as the federal claims.

3. **Venue:** Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this district and the events giving rise to the claims occurred in Lewis County, New York.

## II. CONDITIONS PRECEDENT

4. **Notice of Claim:** Plaintiff served a timely Notice of Claim upon the Copenhagen Central School District on May 12, 2025, which is within ninety (90) days of the accrual of the

claim.

5. **50-h Hearing Waiver:** Although Defendants demanded a hearing pursuant to N.Y. General Municipal Law § 50-h, they waived their right to said examination. Plaintiff agreed to appear for the hearing scheduled for June 25, 2025, at 10:00 a.m. However, Defendants failed to provide the necessary access link and failed to conduct the hearing on that date. Because the District failed to conduct the hearing within the statutory 90-day period despite Plaintiff's willingness to participate, the condition precedent is satisfied.

### III. PARTIES

6. **Plaintiff:** Wyatt Wagner is a resident of Lewis County, New York, and the founder of the nonprofit organization "Youth of Lewis County".

7. **Defendant District:** Copenhagen Central School District ("the District") is a municipal corporation organized under the laws of the State of New York.

8. **Defendant Connell:** Scott Connell is the Superintendent of the District. At all times relevant hereto, he acted under color of state law and as the final policymaker regarding building access and safety protocols.

### IV. FACTUAL ALLEGATIONS

#### A. Protected Speech: Reporting Illegal "Aversive Interventions"

9. On November 6, 2024, Plaintiff, acting in his capacity as an educator for Cornell Cooperative Extension ("CCE"), observed a District physical education teacher requiring 4th-grade students to engage in punitive movement limitation as a consequence for

misusing equipment (See Exhibit P, Tr. 5:8-25).

10. Plaintiff identified this punitive physical activity as an illegal "Aversive Intervention" in violation of 8 NYCRR § 19.5, which prohibits behavioral interventions intended to cause physical discomfort.

11. This characterization is supported by SHAPE America (Society of Health and Physical Educators), which confirmed to Plaintiff that using physical activity as punishment "can be considered an aversive intervention—something that's intended to correct behavior through discomfort or exclusion" (See Exhibit D).

12. On November 7, 2024, at 5:56 PM, Plaintiff engaged in protected speech by emailing the District's Board of Education and Superintendent Connell to report this regulatory violation (See Exhibit A). The inclusion of the Board in this correspondence transformed the grievance into a petition for redress.

**B. Retaliation and Employment Interference (November 2024)**

13. On or about November 12, 2024, Plaintiff met with Defendant Connell. During this meeting, Connell yelled at Plaintiff, expressing specific anger that Plaintiff had included the Board of Education in the email complaint, characterizing the inclusion of the Board as "unprofessional" (See Exhibit P, Tr. 65:16-22).

14. Immediately following this meeting, Defendant Connell contacted Plaintiff's CCE supervisor, Stephanie Graf, requesting to "trade" Plaintiff to another district and characterizing him as unwelcome (See Exhibit P, Tr. 55:6-12).

15. As a direct result of Defendant Connell's stigmatizing communications to CCE, Plaintiff was removed from his employment assignment at Copenhagen Central School in

November 2024.

16. **The "FOIL Contradiction" and Pretext:** Defendant Connell justified this removal by characterizing Plaintiff as a "security threat" in sworn affidavits. However, on February 18, 2025, the District responded to Plaintiff's Freedom of Information Law (FOIL) request for all records regarding his alleged aggression by certifying that "No responsive documents were found" (See Exhibit M). This certification creates an irreconcilable conflict with the Superintendent's affidavit, proving that the "security threat" narrative is a pretext fabricated to justify retaliation.

17. Further proving the pretextual nature of the "security" claim, Connell admitted under oath regarding the November meeting: "I didn't feel like you were going to harm anyone" (See Exhibit P, Tr. 45:22-23). Connell further admitted he allowed Plaintiff to leave the office unsupervised and retain an active key card immediately after the alleged confrontation (See Exhibit P, Tr. 47:1-8).

## C. The Promise and Second Retaliation (January 2025)

18. In December 2024, the District Guidance Office provided Plaintiff with a clear, written promise that he could "table" for his nonprofit on January 13, 2025. The email stated: "We are still on for you to visit Monday, January 13" (See Exhibit B).

19. Plaintiff relied on this promise to his detriment. Upon arrival on January 13, 2025, Defendant Connell revoked the invitation. Rather than engaging in aggressive disruption, Plaintiff engaged in civil disobedience and peaceful submission to authority. As confirmed by SRO Luke Monnat's testimony, Plaintiff did not appear aggressive and "offered his hands" for arrest to protest what he viewed as an illegitimate order (See

Exhibit P, Tr. 18:4-6).

## D. Board Ratification of Unconstitutional Conduct

20. Following the January 13 ejection, Plaintiff sought intervention from the Board of Education.

21. On January 13 & 16, 2025, Plaintiff emailed the Board directly. In this email, Plaintiff explicitly cited "Policy 3420/Whistleblower Policy" and put the Board on notice that the Superintendent's actions were "retaliatory in nature" (See Exhibit G).

22. Defendant Connell also testified that he "informed" the Board of the ban and that "they listened" but took no action to correct it (See Exhibit P, Tr. 44:11-17).

23. Despite having actual knowledge of the retaliation and the specific policy violations alleged, the Board made a conscious choice not to investigate the "Whistleblower" complaint, thereby ratifying the Superintendent's unconstitutional conduct.

24. Subsequently, on January 15, 2025, Defendants issued a formal "No Trespass" notice (See Exhibit I), formalizing the ban.

## V. CAUSES OF ACTION

## CLAIM 1: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

## (Against All Defendants)

25. Plaintiff engaged in protected speech by reporting the "Aversive Intervention" violation to the School Board.

26. Defendants took adverse action by interfering with Plaintiff's employment in November

2024 and subsequently banning him from public grounds.

27. A causal connection exists between the speech and the retaliation. Defendant Connell's assertion of a "security threat" is demonstrated to be pretextual by the "FOIL Contradiction"—the District's admission that no records exist to support the claim of aggression.

## CLAIM 2: FOURTEENTH AMENDMENT DUE PROCESS ("STIGMA-PLUS")

### (Against Defendant Connell and the District)

28. Plaintiff has a liberty interest in his reputation and professional standing.

29. Defendant Connell made false, stigmatizing statements characterizing Plaintiff as a "security threat," "aggressive," and "unwelcome".

30. **Publication:** Defendant Connell published these stigmatizing statements to multiple third parties, including but not limited to: Stephanie Graf (CCE Deputy Director), Amanda Root (CCE Executive Director), Mariya Clemons (Guidance Office), SRO Luke Monnat, and the members of the Board of Education.

31. **The "Plus" Factor:** These statements resulted in a distinct alteration of Plaintiff's legal status and employment: the specific loss of his assignment at Copenhagen Central School in November 2024 and the subsequent termination of his peer educator role with Planned Parenthood (PPNCNY) due to his inability to access school grounds (See Exhibit S).

## CLAIM 3: MONELL LIABILITY (RATIFICATION)

### (Against Defendant Copenhagen Central School District)

32. A municipality is liable under § 1983 when a final policymaker ratifies a subordinate's unconstitutional conduct.

33. The Board of Education has final policymaking authority.

34. The Board was put on actual notice of the Superintendent's retaliatory motive via Plaintiff's January 13 & 16, 2025 email citing the Whistleblower Policy (See Exhibit G).

35. By receiving this specific complaint and making a conscious choice to take no action and fail to investigate, the Board ratified the retaliation, establishing municipal liability.

## CLAIM 4: VIOLATION OF WHISTLEBLOWER PROTECTION (N.Y. LABOR LAW § 740)

### (Against Defendant District)

36. N.Y. Labor Law § 740 prohibits retaliation against an independent contractor who discloses an activity that violates a rule or regulation.

37. Plaintiff disclosed a violation of 8 NYCRR § 19.5 (prohibition on Aversive Interventions).

38. This violation presented a substantial and specific danger to the public health and safety, specifically the welfare of minors subjected to punitive physical discomfort.

39. Defendants retaliated against Plaintiff for this report by causing his removal from the work site in November 2024, and subsequently banning him from the premises in January 2025.

### CLAIM 5: DEFAMATION (N.Y. STATE LAW)

**(Against Defendant Connell)**

40. Defendant Connell published false statements of fact to third parties.

41. **Publication:** Statements were made to Stephanie Graf, Amanda Root, SRO Luke Monnat, and the Board of Education.

42. **Statements:** Connell told Graf that Plaintiff was "loud and verbal" and unwelcome. He told SRO Monnat that Plaintiff was a "security threat".

43. **Actual Malice:** Connell's "security threat" narrative is made with reckless disregard for the truth, as evidenced by (a) his admission that he "didn't feel [Plaintiff] was going to harm anyone", and (b) the District's FOIL response confirming the total absence of any documentation substantiating the threat.

## CLAIM 6: NEGLIGENCE (N.Y. STATE LAW)

### (Against Defendant District)

44. The District owed a duty of care to follow its own safety and administrative protocols.

45. **Breach of Duty:** The District breached this duty by failing to follow Policy 6190 (Workplace Violence Prevention Policy) (See Exhibit J), which mandates the specific documentation and reporting of any alleged "incident of workplace violence" or threat.

46. Defendant Connell admitted he failed to document the incident (See Exhibit P, Tr. 43:6-12). This negligence resulted in an arbitrary ban imposed without the required evidentiary basis or due process, causing Plaintiff harm.

## CLAIM 7: PROMISSORY ESTOPPEL (N.Y. STATE LAW)

**(Against Defendant District)**

47. The District made a clear and unambiguous promise of access via the January 10, 2025 email: "Just reaching back out to confirm that we are still on for you to visit Monday" (See Exhibit B).

48. Plaintiff reasonably relied on this promise to his detriment by preparing materials and traveling to the site.

49. It would be unconscionable to deny recovery for the injury caused by the revocation of this promise.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

1. **Compensatory Damages:** Awarding damages for loss of income, professional reputational harm, and emotional distress. Specifically, Plaintiff seeks damages for irreparable harm to his professional credentials as a Youth Peer Advocate and severe psychological trauma, including a documented mental health crisis and hospitalization as detailed in Exhibit U (Treatment Plan).

2. **Punitive Damages:** Awarding punitive damages against Defendant Connell individually for his willful, malicious, and reckless conduct.

3. **Injunctive Relief:** Issuing a permanent injunction rescinding the January 15, 2025 "No Trespass" notice and restoring Plaintiff's access to public school grounds.

4. **Legal Fees:** Awarding costs and disbursements of this action.

5. **Further Relief:** Granting such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 6, 2026

Respectfully submitted,

**Wyatt Wagner, Pro Se**
9502 State Rt 12, Apt 2
Copenhagen, NY 13626
315-816-6448