# Exhibit B

Section 19.5. Prohibition of corporal punishment, aversive interventions, and seclusion and the authorized limited use of timeout and physical restraint

(a) Purpose of section. The purpose of this section is to establish uniform guidelines that prohibit the use of corporal punishment, aversive interventions and seclusion and authorize the limited use of timeout and physical restraint in schools to address student behaviors.

(b) Definitions. As used in this section, the following terms shall have the following meanings:

(1) *Aversive intervention* means an intervention that is intended to induce pain or discomfort for the purpose of eliminating or reducing student behavior, including such interventions as:

(i) contingent application of noxious, painful, intrusive stimuli or activities; strangling, shoving, deep muscle squeezes or other similar stimuli;

(ii) any form of noxious, painful or intrusive spray, inhalant or tastes;

(iii) contingent food programs that include the denial or delay of the provision of meals or intentionally altering staple food or drink in order to make it distasteful;

(iv) movement limitation used as a punishment, including but not limited to helmets and mechanical restraints as defined in paragraph (4) of this subdivision; or

(v) other stimuli or actions similar to the interventions described in this paragraph. The term shall not include such interventions as voice control, limited to loud, firm commands; time-limited ignoring of a specific behavior; token fines as part of a token economy system; brief physical prompts to interrupt or prevent a specific behavior; interventions medically necessary for the treatment or protection of the student; or other similar interventions.

(2) *Corporal punishment* means any act of physical force upon a student for the purpose of punishing that student. The term does not include the use of physical restraints, as defined in paragraph (7) of this subdivision, to protect the student, another student, teacher or any other person from physical injury when alternative procedures and methods not involving the use physical restraint cannot reasonably be employed to achieve these purposes.

(3) *De-escalation* means the use of a behavior management technique that helps a student increase control over their emotions and behavior and results in a reduction of a present or potential level of danger to the student or others.

(4) *Mechanical restraint* means the use of any device or equipment to restrict a student's freedom of movement. Mechanical restraint does not include devices implemented by trained school personnel, or utilized by a student, that      have been prescribed by an appropriate medical or related services professional and are used for the specific and approved purposes for which such devices were designed, such as:

(i) adaptive devices or mechanical supports used to achieve proper body position, balance, or alignment to allow greater freedom of mobility than would be possible without the use of such devices or mechanical supports;

(ii) vehicle safety restraints when used as intended during the transport of a student in a moving vehicle;

(iii) restraints for medical immobilization; or

(iv) orthopedically prescribed devices that permit a student to participate in activities without risk of harm.

(5) *Multi-tiered system of supports* means a proactive and preventative framework that utilizes data to inform instruction and the allocation of services to maximize achievement for all students and support students' social, emotional and behavioral needs from a culturally responsive and strength-based perspective.

(6) *Physical escort* means a temporary touching or holding of the hand, wrist, arm, shoulder or back for the purpose of inducing a student who is acting out to walk to a safe location.

(7) *Physical restraint* means a personal restriction that immobilizes or reduces the ability of a student to move their arms, legs, body, or head freely. Physical restraint does not include a physical escort or brief physical contact and/or redirection to promote student safety, calm or comfort a student, prompt or guide a student when teaching a skill or assisting a student in completing a task, or for other similar purposes.

(8) *Prone restraint* means physical or mechanical restraint while the student is in the face down position.

(9) *School* means a public school district, board of cooperative educational services, charter school, State-operated and State-supported school pursuant to articles 85, 87 and 88 of the Education Law, in-state and out-of-state private residential or non-residential school for the education of students with disabilities approved pursuant to Article 89 of the Education Law or operating under Article 81 of the Education Law, State-administered Prekindergarten (PreK) program directly operated by a school district, board of cooperative educational services, or an eligible agency, as defined in section 151-1.2(b) of this Title, or operated by a school district in collaboration with an eligible agency, preschool special education program approved pursuant to Education Law section 4410, and registered nonpublic nursery school, kindergarten, and high school, and a nonpublic school serving grades 1 through 8 that has a registered high school, in this State.

(10) *Seclusion* means the involuntary confinement of a student alone in a room or space that they are physically prevented from leaving or they may perceive that they cannot leave at will. Seclusion does not include timeout as defined in paragraph (11) of this subdivision.

(11) *Timeout* means a behavior management technique that involves the monitored separation of a student in a non-locked setting and is implemented for the purpose of de-escalating, regaining control, and preparing the student to meet expectations to return to their education program in accordance with subdivision (d) of this section. The term timeout shall not include:

   (i) a student-initiated or student-requested break to utilize coping skills, sensory input, or self-regulation strategies;

   (ii) use of a room or space containing coping tools or activities to assist a student to calm and self-regulate, or the use of such intervention strategies consistent with a student with a disability's behavioral intervention plan as defined in section 200.1(mmm) of this Title; or

   (iii) a teacher removal, in-school suspension; or any other appropriate disciplinary action.

(c) Prohibition of the use of corporal punishment, aversive interventions, and seclusion.

(1) No teacher, administrator, officer, employee or agent of a school shall use the following against a student:

   (i) corporal punishment;

(ii) aversive interventions; or

(iii) seclusion.

(2) For purposes of this subdivision the term "agent" shall include, but not be limited to, school resource officers, except when a student is under arrest and handcuffs are necessary for the safety of the student and others.

(d) Authorized limited use of timeout and physical restraint. Positive, proactive, evidence- and research-based strategies through a multi-tiered system of supports shall be used to reduce the occurrence of challenging behaviors, eliminate the need for the use of timeout and physical restraint, and improve school climate and the safety of all students. Timeout and physical restraint may be used only when: other less restrictive and intrusive interventions and de-escalation techniques would not prevent imminent danger of serious physical harm to the student or others; there is no known medical contraindication to its use on the student; and school staff using such interventions have been trained in its safe and appropriate application in accordance with the requirements of paragraph (7) of this subdivision. Timeout and physical restraints shall not be used as discipline or punishment, retaliation, or as a substitute for positive, proactive intervention strategies that are designed to change, replace, modify, or eliminate a targeted behavior.

(1) Use of timeout. Except as provided in section 200.22(c) of this Title, timeout shall only be used in a situation that poses an immediate concern for the physical safety of the student or others. Staff shall return the student to their educational program as soon as the student has safely de-escalated, regained control and is prepared to meet expectations.

(i) A room or physical space used for purposes of timeout may be located within a classroom or outside of the classroom and shall comply with the following requirements:

(*a*) The room or physical space shall:

(*1*) be unlocked, and any door must be able to be opened from the inside. The use of locked rooms or physical spaces is prohibited.

(*2*) provide a means for continuous visual and auditory monitoring of the student;

(*3*) be of adequate width, length and height to allow the student to move about and recline comfortably;

(*4*) be clean and free of objects and fixtures that could be potentially dangerous to a student; and

(*5*) meet all local fire and safety codes.

(*b*) Wall and floor coverings shall, to the extent practicable, be designed to prevent injury to the student and there shall be adequate lighting and ventilation.

(*c*) The temperature of the room or physical space shall be within the normal comfort range and consistent with the rest of the building.

(ii) Staff shall continuously monitor the student in a timeout room or space.

(iii) Staff functioning as timeout monitors shall be trained in accordance with paragraph (7) of this subdivision.

(2) Use of physical restraint. Physical restraint shall only be used in a situation in which immediate intervention involving the use of reasonable physical force is necessary to prevent imminent danger of serious physical harm to the student or others.

(i) The type of physical restraint used shall be the least restrictive technique necessary and be discontinued as soon as the imminent danger of serious physical harm has resolved.

(ii) Physical restraint shall never be used in a manner that restricts the student's ability to breathe or communicate or harms the student.

(iii) The use of prone restraint is prohibited.

(iv) Physical restraint shall not be used as a planned intervention on a student's individualized education program, Section 504 accommodation plan, behavioral intervention plan, or other plan developed for a student by the school.

(v) Physical restraint shall not be used to prevent property damage except in situations where there is imminent danger of serious physical harm to the student or others and the student has not responded to positive, proactive intervention strategies.

(vi) Physical restraints shall be administered only by staff who have received training in accordance with paragraph (7) of this subdivision.

(vii) Following a physical restraint, if an injury has been sustained or believed to have been sustained, the school nurse, pursuant to section 902(2)(b) of the Education Law or other medical personnel (i.e., physician, physician assistant, or a nurse practitioner) shall evaluate the student to determine and document if any injuries were sustained during the incident.

(3) Parental notification. Each school shall develop a procedure to:

(i) ensure same day notification to a parent or person in parental relation to the student following the use of timeout, including timeout used in conjunction with a student's behavioral intervention plan consistent with section 200.22(c) of this Title, or use of a physical restraint. When the student's parent or person in parental relation cannot be contacted, after reasonable attempts are made, the school principal or building administrator shall record such attempts. For students with disabilities, the school principal or building administrator shall report such attempts to the student's committee on preschool special education or committee on special education. Such notification shall offer the parent the opportunity to meet regarding the incident; and

(ii) provide the parent or person in parental relation to the student a copy of the documentation of the incident within three school days of the use of timeout or a physical restraint.

(4) Documentation.

(i) The school shall maintain documentation of each incident involving the use of timeout, including timeout used in conjunction with a student's behavioral intervention plan consistent with section 200.22(c) of this Title, and/or physical restraint on each student, which shall include:

(*a*) the name and date of birth of the student;

(*b*) the setting and location of the incident;

(*c*) the name of the staff who participated in the implementation, monitoring and supervision of the use of timeout and/or physical restraint and any other persons involved;

(*d*) a description of the incident including duration, and for physical restraint, the

4

type of restraint used;

(*e*) whether the student has an individualized education program, Section 504 accommodation plan, behavioral intervention plan, or other plan developed for the student by the school;

(*f*) a list of all positive, proactive intervention strategies utilized prior to the use of timeout and/or physical restraint; and for students with disabilities, whether those strategies were consistent with a student's behavioral intervention plan, if applicable;

(*g*) the details of any injuries sustained by the student or staff during the incident and whether the student was evaluated by the school nurse or other medical personnel;

(*h*) the date and method of notification to the parent or person in parental relation pursuant to paragraph (3) of this subdivision and whether a meeting was held; and

(*i*) the date of the debriefing held consistent with the requirements of paragraph (5) of this subdivision.

(ii) Documentation of the incident shall be reviewed by supervisory personnel and, as necessary, the school nurse or other medical personnel.

(iii) Documentation of each incident shall be maintained by the school and made available for review by the department upon request.

(5) Debriefing. As soon as practicable, and after every incident in which timeout and/or a physical restraint is used on a student, a school administrator or designee shall:

(i) meet with the school staff who participated in the use of timeout and/or physical restraint to discuss:

(*a*) the circumstances leading to the use of timeout and/or physical restraint;

(*b*) the positive, proactive intervention strategies that were utilized prior to the use of timeout and/or physical restraint; and

(*c*) planning for the prevention and reduction of the future need for timeout and/or physical restraint with the student including, if applicable, whether a referral should be made for special education programs and/or other support services or, for a student with a disability, whether a referral for review of the student's individualized education program and/or behavioral intervention plan is needed; and

(ii) direct a school staff member to debrief the incident with the student in a manner appropriate to the student's age and developmental ability and to discuss the behavior(s), if any, that precipitated the use of timeout and/or physical restraint.

(6) Review of documentation. The school administrator or designee shall regularly review documentation on the use of timeout and physical restraint to ensure compliance with school's policy and procedures. When there are multiple incidents within the same classroom or involving the same staff, the school administrator or designee shall take appropriate steps to address the frequency and pattern of use.

(7) Staff training.

(i) All staff shall receive annual training on the school's policies and procedures related to the use of timeout and physical restraint; evidence-based positive, proactive strategies; crisis intervention and prevention procedures and de-escalation techniques.

(ii) In addition to the training requirements for all staff in subparagraph (i), any staff who may be called upon to implement timeout or physical restraint, shall receive annual, evidence-based training in safe and effective developmentally appropriate timeout and physical restraint procedures.

(8) Written policy.

(i) Each school shall adopt a written policy that establishes administrative practices and procedures regarding the use of timeout and physical restraint consistent with this subdivision. Such policy and procedures shall at a minimum include:

(*a*) factors which may precipitate the use of the timeout or physical restraint;

(*b*) developmentally appropriate time limitations for the use of timeout and physical restraint;

(*c*) prohibiting placing a student in a locked room or space or in a room where the student cannot be continuously observed and supervised;

(*d*) prohibiting the use of prone restraint;

(*e*) the requirements in section 200.22(c) of this Title relating to students with disabilities whose behavioral intervention plan includes the use of timeout as a behavioral consequence;

(*f*) staff training provided in accordance with the requirements of paragraph (7) of this subdivision;

(*g*) information to be provided to the parent or person in parental relation, including a copy of the timeout and physical restraint policy; and

(*h*) notifying the parent or person in parental relation on the same day when a student is placed in a timeout or a physical restraint is used in accordance with the requirements of paragraph (3) of this subdivision; and

(*i*) data collection to monitor patterns of use of timeout and physical restraint.

(ii) The written policy shall be made publicly available for review at the district or school administrative office(s) and each school building, and posted on the school's website, if one exists.

(e) Annual reporting. Beginning with the 2024-2025 school year, each public school district, board of cooperative educational services, charter school, State-operated school pursuant to Articles 87 and 88 of the Education Law, and private residential school operated pursuant to Article 81 of the Education Law, shall submit an annual report on the use of physical restraint and timeout and substantiated and unsubstantiated allegations of use of corporal punishment, mechanical restraint and other aversive interventions, prone physical restraint, and seclusion to the department, on a form and at a time prescribed by the commissioner in accordance with the requirements of section 100.2(bb)(2). In addition, public school districts shall report such data for students for whom they are the district of residence, and who are otherwise not reported, including students attending a State-supported school pursuant to Article 85 of the Education Law, in-state and out-of-state private residential or non-residential school for the education of students with disabilities approved pursuant to Article 89 of the Education Law, or preschool special education program approved pursuant to section 4410 of the Education Law.

**Credits**

Sec. filed Feb. 27, 1985; amds. filed: June 23, 2006 as emergency measure; Sept. 19, 2006 as emergency measure; Nov. 17, 2006 as emergency measure; Jan. 16, 2007 as emergency measure eff.

Jan. 16, 2007; Jan. 16, 2007 eff. Jan. 31, 2007. Amended sec. title, (a)-(b); rep. and new added filed July 18, 2023 eff. Aug. 2, 2023 (Register dated Aug. 2, 2023).

Current with amendments included in the New York State Register, Volume XLV, Issue 32 dated August 9, 2023. Some sections may be more current, see credits for details.