# Exhibit N

STATE OF NEW YORK
DEPARTMENT OF EDUCATION

In the Matter of the Appeal of Wyatt Wagner,
      Petitioner,

v.

Copenhagen Central School District and
Scott Connell, Superintendent of Schools
      Respondents.

Verified Answer

Appeal No.: 22315

State of New York  )
        ) ss.:
County of Jefferson  )

Scott Connell, being duly sworn and under the penalty of perjury, do hereby state:

1.  I am the Superintendent of Schools for Copenhagen Central School District hereinafter ("District"). Accordingly, having full knowledge of the facts and circumstances of this matter, I hereby submit this Verified Answer in Opposition to the Petition on behalf of both the District and myself. All responses set forth herein are made jointly, and any mention of the "District," "Respondent," or "Respondents" shall be deemed to refer to both Respondents collectively, unless expressly stated otherwise.

2.  Simultaneously submitted with this Verified Answer are the Affidavits of various staff members of the Copenhagen Central School District, as well as the Affirmation of the District's Attorney. These documents are hereby incorporated by reference into this Verified Answer as though fully set forth herein.

3.  To the extent any claims, allegations, or issues raised in the Petition are not specifically addressed herein, Respondents deny each and every such claim, allegation, or issue.

1

Office of George R. Shaffer, III
Attorney for the Copenhagen Central School District
Jefferson-Lewis BOCES - Office of Inter-Municipal Legal Services
20104 State Route 3, Watertown, NY 13601 (315) 779-7046

4. The District denies the allegations contained in paragraph "1" of the section titled "1. Statement of Facts" of the Petition, as it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

5. The District denies, in their entirety, the allegations set forth by Petitioner in paragraphs "2," "3," "4," "5," "6," "7," "8," and "9" of the section titled "1. Statement of Facts" in the Petition.

6. The District denies, in their entirety, the allegations set forth by Petitioner in the portion of the Petition labeled "2. Legal Basis for Appeal," specifically paragraphs "1," "2," "3," "4," and "5.

7. The District denies, in full, the allegations and requests set forth by Petitioner in the portion of the Petition labeled "3. Relief Requested," specifically paragraphs "1," "2," "3," "4," "5", and "6."

8. The Petition is also procedurally defective and should be dismissed on that basis alone. The verification was notarized by an out-of-state notary who is not authorized to administer oaths within New York State, in direct violation of the requirements set forth in the Commissioner's regulations. The rules governing appeals to the Commissioner are clear: a Petition must be properly verified before a person authorized in New York to administer oaths. The Petitioner failed to meet this basic requirement. As set forth more fully in the Affirmation of the District's Attorney, this defect renders the Petition invalid and provides an independent basis for dismissal, regardless of any claims made in the body of the Petition.

2

9. The District specifically denies the relief requested in the Petition wherein Petitioner seeks access to District property including attendance at school board meetings, participation in nonprofit activities, and other functions without restriction. The District maintains that the trespass was lawfully imposed and does not unlawfully restrict Petitioner's access to public proceedings where legally required.

10. The District further denies the allegation of reputational harm and seeks relief based on the claimed impact on Petitioner's personal and professional standing. The District denies that the ban has caused such harm and asserts that any action taken was based on legitimate and appropriate grounds.

11. To the extent Petitioner requests relief based on alleged violations of constitutional rights or interference with their professional role, the District denies that any such violations have occurred. The District further denies that the trespass ban restricts Petitioner from lawfully fulfilling professional duties or engaging in protected activity.

12. The District respectfully submits that no grounds exist for the Commissioner to grant any of the relief requested.

## STATEMENT OF FACTS

13. The trespass determination was made following multiple incidents in which Mr. Wagner engaged in volatile and hostile behavior towards a staff member and myself. The most recent incident occurred in the presence of students and staff, further exacerbating concerns regarding his conduct on school property.

3

14. Mr. Wagner initiated an appeal under Education Law § 310, requesting that the Commissioner of Education issue a stay of my decision to trespass him from district property. The District and its attorney submitted documents in opposition to the stay on February 13, 2025. This stay was not granted by the Commissioner of Education.

15. Contrary to the Petitioner's allegations, the entity Youth of Lewis County has not been subject to any trespass ban, nor has there been any request—either prior to or during the pendency of this proceeding—seeking access to District property on its behalf. Upon information and belief, Youth of Lewis County have additional members, including board members, who remain eligible to request access to school property in accordance with District policy, should such access be necessary.

16. Furthermore, at the time Mr. Wagner was issued the trespass notice, he was expressly advised of the process by which he could submit a request for a special variance to access District property. To date, Mr. Wagner has not availed himself of that process, and no such request or application for access has been submitted at any time prior to or during the pendency of this appeal.

17. The no trespass letter issued to Mr. Wagner reads in pertinent part:

> *If you wish to access the campus, you will need to make a written request to me by either written letter or email at sconnell@ccsknights.org. In that request, you will need to provide the purpose of the access you are seeking (ie. To attend a School Board Meeting, academic or extracurricular activity, to vote, etc.), your involvement with the stated purpose of the access*

4

Office of George R. Shaffer, III
Attorney for the Copenhagen Central School District
Jefferson-Lewis BOCES - Office of Inter-Municipal Legal Services
20104 State Route 3, Watertown, NY 13601 (315) 779-7046

*(i.e. parent of participating student, advocate, etc.), and the exact time and date for which access is being requested. Please note that to allow sufficient time to review your request, it should be received in the district office not later than three (3) business days prior to the time and date of the requested access.* (Trespass Letter, attached hereto).

18. This provision in the no-trespass letter was designed to allow myself and the District the opportunity to have additional security in place should it be necessary for him to be present on school property. This status quo is essential to maintain District security if/when Mr. Wagner requests access to District property in the future.

19. My decision to provide the no trespass letter to Mr. Wagner was not made in an arbitrary or capricious manner. My decision was based on multiple interactions wherein Mr. Wagner raised his voice and acted in a manner that is inconsistent with the decorum that is expected of visitors to our District.

20. The first interaction with Mr. Wagner occurred when he was previously employed by Cornell Cooperative Extension. Cornell Cooperative Extension provides after-school childcare for students whose parents have explicitly given permission. Cornell Cooperative Extension is licensed with New York State, to run a School-Age Child Care program under license/registration id: 797481 at the school district.

21. The District's physical education teacher had instructed students to put away any equipment that was utilized during the after-school activity. Upon information and belief, despite this directive to the students, the students failed to put the equipment away following their after-school activity with Mr. Wagner. This resulted in the students

5

receiving a consequence from the gym teacher for disobeying the teacher's directive. Without consulting the teacher in question, Mr. Wagner confronted me about the issue. During that interaction, Mr. Wagner demonstrated a lack of professionalism when discussing this issue with him in my office. Mr. Wagner was very disrespectful towards me during that meeting and raised his voice toward me over what would normally be a very simple communication. By proceeding in this manner, Mr. Wagner inserted himself into a decision that was made by a District teacher that was proper under the circumstances and well within her rights to manage the students in her charge. Importantly, Mr. Wagner still fails to comprehend that his behavior related to this issue was highly inappropriate.

22. After this initial interaction with Mr. Wagner, I asked the Director of Cornell Cooperative Extension, Stephanie Graff, to substitute another staff member for Mr. Wagner and requested that they not send him back to the District. Cornell Cooperative Extension complied with this request.

23. On January 13, 2025, I was alerted by a School Resource Officer (SRO) that Mr. Wagner was present in a secure/restricted area of the District and was unsupervised at that time. As a result, I approached Mr. Wagner along with our SRO to ascertain his purpose on campus.

24. When we approached Mr. Wagner that day, he was in an area of the District just off the main cafeteria. When we approached Mr. Wagner, he immediately took a defensive stance and began to smirk at me. At that point, I asked Mr. Wagner to leave the building. Rather than complying, Mr. Wagner turned his body towards us, outstretched his arms in our direction and stated, "It's public property. You can't tell me to leave. You're going to have to arrest me." This interaction took place just feet away from a densely populated student

6

area. Mr. Wagner's noncompliant, disruptive and unlawful behavior during that incident, along with subsequent communications with the District and my office, continue to demonstrate instability and lack of adherence to appropriate conduct while present on District property.

25. During this incident, Mr. Wagner escalated the situation by raising his voice in the presence of students and staff and refusing my directive to leave District property. He continued this behavior once we were finally able to get him to leave the cafeteria area and follow us to the SRO's office. Mr. Wagner continued to refuse to leave the District's property.

26. As a direct result of Mr. Wagner's refusal to leave District property, I was left with little choice but to request the SRO to charge Mr. Wagner with trespassing and to escort him from District property.

27. Upon information and belief, the SRO, who is also a Lewis County Sheriff's Deputy, issued Mr. Wagner a no trespass warning and charged him with the violation level offense of trespassing. Thereafter, Mr. Wagner was escorted from District property.

28. In my forty-two years as a teacher and administrator, I have never had a similar interaction with an individual on District property. This interaction with Mr. Wagner led me to issue the notice of no trespass that was ultimately served upon Mr. Wagner. It is incomprehensible to me that an individual would enter a restricted area of the District and refuse to leave or vacate District property unless he was physically removed. This eventuality presents an incredible safety risk to both students and staff. As such, the District must maintain the ability to limit his access to District property in the manner set forth in

Office of George R. Shaffer, III
Attorney for the Copenhagen Central School District
Jefferson-Lewis BOCES - Office of Inter-Municipal Legal Services
20104 State Route 3, Watertown, NY 13601 (315) 779-7046

7

the no trespass letter to Mr. Wagner. It is paramount to ensure adequate security is present if/when Mr. Wagner comes back on District property.

29. The District's Code of Conduct applies to all individuals, including staff, students, and visitors. Mr. Wagner repeatedly failed to meet these expectations, necessitating my decision to trespass him from district property.

30. New York State Education Law §414 and §2801 as well as Copenhagen School District Board Policy §§ 3000, 3280 (as well as the Code of Conduct §3410 referenced in §3000 and §3280), and §4310 grants the Copenhagen Central School District and the Superintendent the express and implied authority to proscribe rules for the health, safety, and welfare of the District, its staff, students, and buildings, including the right to prohibit access to District property.

31. The undersigned's decision was made after careful consideration and was not taken lightly, as it is the only time in which the undersigned has issued such an order in his long tenure as Superintendent.

32. The District has policies in place that would allow Youth of Lewis County to designate another representative to seek access to school property if needed. The trespass order applies solely to Mr. Wagner due to his specific conduct and does not preclude the organization from following established procedures to engage with the District.

33. Mr. Wagner has not made any written request to attend any programs, board meetings, etc. nor has Mr. Wagner been denied access based on a request pursuant to the process set forth in my letter of no trespass.

8

Office of George R. Shaffer, III
Attorney for the Copenhagen Central School District
Jefferson-Lewis BOCES - Office of Inter-Municipal Legal Services
20104 State Route 3, Watertown, NY 13601 (315) 779-7046

34. No student or parent has requested his presence in any CSE meeting.

35. Contrary to his assertions, it was Mr. Wagner's aggressive and non-compliant behavior, not his prior role in the after-school program, that required me to limit his access to District property. Fortunately, on January 13, 2025, the SRO was eventually able to cajole Mr. Wagner into leaving the student populated area when he failed the SRO's reasonable directive to follow us to the SRO's office. Given my prior interactions with Mr. Wagner, I have no confidence that a future interaction will result in a non-confrontational outcome.

36. Access to certain portions of District property is limited in nature, and the District acting through its Superintendent has the authority to implement reasonable time, place, and manner restrictions to protect the safety, security, and orderly functioning of its schools.

37. As set forth in the Affirmation of the District's Attorney, the Petition is both substantively without merit and procedurally defective. It fails to articulate any valid basis for relief under the Education Law, and as such, no proper Petition is before the Commissioner for review.

38. Importantly, the Petitioner was informed at the time the trespass notice was issued of the process by which he could seek access to District property through a written request to the Superintendent. At no point after receiving the notice, before filing this appeal, or during the pendency of this proceeding, did the Petitioner submit any such request.

39. This failure to pursue the available and appropriate process for seeking access, combined with the absence of any substantiated claims or supporting facts, confirms that the Petition

9

Office of George R. Shaffer, III
Attorney for the Copenhagen Central School District
Jefferson-Lewis BOCES - Office of Inter-Municipal Legal Services
20104 State Route 3, Watertown, NY 13601 (315) 779-7046

lacks both factual and legal foundation. The matter is therefore ripe for final resolution and dismissal.

WHEREFORE, the District respectfully requests that the Commissioner deny the relief requested by the Petitioner in its entirety and that the Petition be dismissed with prejudice, for the following reasons:

1. The Petitioner has failed to demonstrate a clear legal right to the relief sought or to establish any factual basis sufficient to support the claims made in the Petition;

2. Respondents' actions were not arbitrary, capricious, or retaliatory, but rather were reasonable and appropriate responses to the Petitioner's conduct, taken to preserve the safety, order, and operations of the District;

3. The undersigned acted well within their authority as granted by New York State as well as Copenhagen School District Board Policies, all of which expressly or implicitly authorize the District to adopt and enforce rules for the health, safety, and welfare of its students, staff, and facilities, including the right to regulate and prohibit access to District property;

4. The Petition is procedurally defective and invalid, as it was not verified in accordance with the Commissioner's regulations, rendering the filing fatally defective; and

5. The Petitioner was advised of the process by which a written request for access could be submitted to the Superintendent, but no such request has been made to date.

10

Accordingly, for all of the foregoing reasons, the Petition should be dismissed with prejudice. Respondents further reserve the right to supplement the record and respond to any reply or additional submissions made by the Petitioner.

Dated: March 26, 2025

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF JEFFERSON  )

Scott Connell, being duly sworn, deposes and says that he is the Superintendent of the District and the Respondent in this proceeding; that he has read the annexed Verified Answer and knows the contents thereof; that the same is true to the knowledge of deponent except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

_____
Scott Connell, District Superintendent

Subscribed and sworn to before
me this 27th day of March 2025.

_____
Notary Public

CANDICE A. DEAN
NOTARY PUBLIC-STATE OF NEW YORK
No 01DE6341352
Qualified In Jefferson County
My Commission Expires 05-02-2028

11

Office of George R. Shaffer, III
Attorney for the Copenhagen Central School District
Jefferson-Lewis BOCES - Office of Inter-Municipal Legal Services
20104 State Route 3, Watertown, NY 13601 (315) 779-7046