UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WYATT WAGNER,

Plaintiff,

vs.

COPENHAGEN CENTRAL SCHOOL DISTRICT and
SCOTT CONNELL,

Defendants.

**ATTORNEY DECLARATION**
Case No.: 6:25-cv-00659
(BKS/TWD)

**FRANK W. MILLER**, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

1.     I am an attorney duly licensed to practice law in the State of New York and before this Court.  My bar roll number is 102203.  I am a partner at Hancock Estabrook, LLP, attorneys for Defendants ("Defendants") in this action.  I submit this Declaration in support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt No. 72] pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2.     Plaintiff alleges that he served Defendants with a Notice of Claim ("NOC") on May 12, 2025.  Dkt. No. 72 at ¶ 4.

3.     Defendants subsequently served Plaintiff with notice of 50-H examination via certified mail on June 12, 2025. See **Exhibit 1**.

4.     Defendants originally scheduled the 50-H examination for June 25, 2025, at 10:00 a.m.

5.     On June 23, 2025, Defendants emailed Plaintiff indicating the examination would be rescheduled because their attorney had a court appearance scheduled for that time. Defendants proposed several dates in August 2025.  Plaintiff replied via email on June 24, 2025,

1

that he would not consent to rescheduling the examination beyond 90 days from service of his NOC, and provided his availability in July. Defendants replied on June 25, 2025, offering several dates in July that did not conflict with Plaintiff's availability. Plaintiff replied the same day arguing that Defendants waived their right to a 50-H examination and refused to provide his availability for an examination. See **Exhibit 2**.

6. On July 7, 2025, I caused to be served upon Wyatt Wagner via email, correspondence and a revised and amended demand for examination calling for an examination on July 16, 2025. A copy of that correspondence and notice are attached as **Exhibit 3**. The date selected was one of the dates that Mr. Wagner had stated was available in his schedule.

7. On July 8, 2025, Mr. Wagner acknowledged receipt of the amended notice of examination via the letter attached as **Exhibit 4**. In that letter, Mr. Wagner unequivocally states that our attempt at rescheduling the 50-h examination was "considered meritless and illegal". He further stated that "unless ordered by a Judge, I will not be participating in a 50-h hearing as the Copenhagen Central School District waived its right to the hearing by failing to attend the previously scheduled examination on June 25, 2025."

8. As mentioned above, the June 25, 2025, hearing date was adjourned due to a Court conflict.

9. I subsequently caused correspondence dated July 9, 2025, to be sent to Mr. Wagner. A copy of that correspondence is attached as **Exhibit 5**. In that correspondence we acknowledge receipt of his email of July 8 (Exhibit 4, above) and acknowledge his refusal to appear which we considered to be a final refusal.

10. I also stated in the letter of July 9, 2025, the following:

> "If at any time you recognize your obligation to submit to the 50-h examination prior to the 16th, please contact this office and we will

send you the necessary link.  Otherwise, you may consider that
your refusal stands and your claims under state law will be subject
to dismissal pursuant to the provisions of General Municipal Law §
50-h and the relevant caselaw."

11. Mr. Wagner did not contact our office with a request for the link for the 50-h examination on July 16, 2025, and the same was never conducted.  Instead, Mr. Wagner responded then to my letter of July 9, 2025, in which he reiterated his refusal and reiterated his position that only with a court order could we schedule such an examination.  See **Exhibit 6**.

12. Mr. Wagner's refusal to submit to the 50-h examination was meritless and deprived the school district of its statutory right to conduct an examination of the Claimant.

13. We urge the Court to grant the motion to dismiss.


Date: February 27, 2026 /s/ *Frank W. Miller*

Frank W. Miller