**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

Wyatt Wagner,

                                        Plaintiff,

        vs.

Copenhagen Central School District and
Scott Connell individually & officially in his
capacity as Superintendent of School,

                                        Defendants.

Civil Action No.: 6:25-cv-659
(BKS/TWD)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**HANCOCK ESTABROOK, LLP**
Robert C. Whitaker Jr. (Bar Roll No. 515645)
Frank W. Miller (Bar Roll No. 102203)
*Attorneys for Defendants*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500

1

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS .............................................................................................. 1

STANDARD OF REVIEW ............................................................................................ 3

ARGUMENT .................................................................................................................. 4

    Point I All Section 1983 Civil Rights Claims  Against the District Must be Dismissed.... 4

    Point II There is No Independent Cause of Action for  Monell Liability and the Third Claim Must be Dismissed ................................................................................... 6

    Point III Plaintiff's Due Process Claim Fails to Identify a  Protected Property or Liberty Interest and Must be Dismissed ........................................................... 6

    Point IV Plaintiff's Retaliation Claim  Must be Dismissed for Insufficient Harm............. 8

    Point V Plaintiff's State Law Claims are Barred by  General Municipal Law § 50-h and Must be Dismissed ........................................................................................ 9

    Point VI Plaintiff Fails to State a Whistleblower Claim.................................................... 10

    Point VII Plaintiff Fails to State a Viable  Defamation Claim and it Must be Dismissed ................................................................................................................. 12

        A. Mr. Connell's Alleged Statements are Protected by Absolute Immunity & Qualified Privilege ..................................................................................... 12

        B. Mr. Connell's Alleged Statements are Non-Actionable Opinion or Hyperbole .................................................................................................... 14

    Point VIII The District Does Not Owe Plaintiff a Cognizable Duty of Care  and the Negligence Claim Must be Dismissed .................................................................... 15

    Point IX There is No Manifest Injustice and Plaintiff's  Promissory Estoppel Claim Must be Dismissed ................................................................................................ 17

    CONCLUSION .......................................................................................................... 18

**Page(s)**

**Federal Cases**

*Abdulaziz v. McKinsey & Co., Inc.*,
No. 21-2921, 2022 WL 24444925 (2d Cir. July 5, 2022)........................................................15

*Agosto v. New York City Dept. of Educ.*,
982 F.3d 86 (2d Cir. 2020)........................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................3, 15, 16

*Balentine v. Tremblay*,
554 F. App'x 58 (2d Cir. 2014) ........................................................7

*Bangs v. Smith*,
84 F.4th 87 (2d Cir. 2023) ........................................................7

*Barker v. Peconic Landing at Southold, Inc.*,
885 F. Supp. 2d 564 (E.D.N.Y. 2012) ........................................................11

*Chau v. Lewis*,
771 F.3d 118 (2d Cir. 2014)........................................................14

*City of St. Louis v. Praprotnik*,
485 U.S. 112 (1988)........................................................5

*Croy v. A.O. Fox Memorial Hosp.*,
68 F. Supp. 2d 136 (N.D.N.Y. 1999)........................................................13

*Doe v. Syracuse Univ.*,
440 F. Supp. 3d 158 (N.D.N.Y. 2020)........................................................16

*Dorsett v. Cnty. of Nassau*,
732 F.3d 157 (2d Cir. 2013)........................................................8

*Drake v. Lab. Corp. of Am. Holdings*,
290 F. Supp. 2d 352 (E.D.N.Y. 2003) ........................................................7

*Easton v. Sandram*,
947 F.2d 1011 (2d Cir. 1991)........................................................8

*Geldzahler v. New York Medical College*,
746 F. Supp. 2d 618 (S.D.N.Y. 2010)........................................................11

*Guillory v. Upstate Univ. Police*,
   No. 21-CV-1117, 2021 WL 6274449 (N.D.N.Y. Dec. 14, 2021)............................................8

*Hamilton v. Baretta U.S.A. Corp.*,
   264 F.3d 21 (2d Cir. 2001)........................................................................................15

*Hansen v. Watkins Glen Cent. Sch. Dist.*,
   832 F. App'x 709 (2d Cir. 2020) ................................................................................5

*Hardy v. N.Y.C. Health & Hosp. Corp.*,
   164 F.3d 789 (2d Cir. 1999)......................................................................................10

*Hurdle v. Bd. of Educ. of City of New York*,
   113 F. App'x 423 (2d Cir. 2004) ................................................................................5

*Jones v. Bay Shore Union Free Sch. Dist.*,
   170 F. Supp. 3d 420 (E.D.N.Y. 2016) ....................................................................4, 17

*Karcz v. City of North Tonawanda*,
   No. 16-CV-0628, 2024 WL 5239726 (W.D.N.Y. Dec. 27, 2024)....................................8

*Maggio v. Palmer*,
810 F. Supp. 50 (E.D.N.Y. 1993) ..............................................................................10

*Monell v. Dep't of Soc. Servs. Of City of New York*,
   436 U.S. 658 (1978)............................................................................................4, 5, 6

*Noakes v. Syracuse Univ.*,
   369 F. Supp. 3d 397 (N.D.N.Y. 2019)..................................................................15, 16

*NRP Holdings LLC v. City of Buffalo*,
   916 F.3d 177 (2d Cir. 2019)................................................................................16, 17

*Palin v. New York Times Co.*,
   940 F.3d 804 (2d Cir. 2019)....................................................................................14

*Patterson v. City of Utica*,
   370 F.3d 322 (2d Cir. 2004).....................................................................................7

*Peters v. Baldwin Union Free Schl. Dist.*,
   320 F.3d 164 (2d Cir. 2003).....................................................................................13

*Schiebel v. Schoharie Cent. Sch. Dist.*,
   No. 22-CV-1109, 2025 WL 1727117 (N.D.N.Y. June 20, 2025)...................................16

*Segal v. City of New York*,
   459 F.3d 207 (2d Cir. 2006).......................................................................................6

iii

*Sharikov v. Philips Med. Syst. MR, Inc.*,
 103 F.4th 159 (2d Cir. 2024) ...................................................................................3

*Stokes v. Wayne Cnty.*,
 23-CV-06482, 2024 WL 4262276 (W.D.N.Y. Sep. 23, 2024) ...................................6

*Syracuse v. Loomis Armored US, LLC*,
 No. 11-CV-00744, 2012 WL 88332 (N.D.N.Y. Jan. 11, 2012)................................16

*Valmonte v. Bane*,
 18 F.3d 992 (2d Cir. 1994)......................................................................................8

*Vosburgh v. Burnt Hills – Ballston Lake Cent. Sch. Dist.*,
 No. 18-CV-1003, 2019 WL 315054 (N.D.N.Y. Jan 24, 2019).................................8

*Wagner v. Copenhagen Cent. Sch. Dist.*,
 No. 25-CV-00659, 2026 WL 60750 (N.D.N.Y. Jan. 8, 2026).......................... *passim*

*Wang v. Bethlehem Cent. Schl. Dist.*,
 No. 21-CV-1023, 2022 WL 3154142 (N.D.N.Y. Aug. 8, 2022) ...............................4

*Watkins v. Town of Webster*,
 592 F. Supp. 3d 96 (W.D.N.Y. 2022) ......................................................................6

*Weems v. New York*,
 No. 23-CV-6305, 2024 WL 4150397 (W.D.N.Y. Sep. 10, 2024) ............................6

*Weiss v. Inc. Vill. Of Sag Harbor*,
 762 F. Supp. 2d 560 (E.D.N.Y. 2011) .....................................................................3

*Williams v. Utica Coll. of Syracuse Univ.*,
 453 F.3d 112 (2d Cir. 2006).................................................................................15

*Zherka v. Amicone*,
 634 F.3d 642 (2d Cir. 2011).................................................................................8, 9

**State Cases**

*A.R. v. Urrutia*,
 212 A.D.3d 670 (2d Dep't 2023) ...........................................................................9

*Aikhoje v. City of New York*,
 235 A.D.3d 610 (2d Dep't 2025) ...........................................................................9

*Bohm v. Karp, Silver, Glinkenhouse & Floumanhaft*,
 276 A.D.2d 733 (2d Dep't 2000) .........................................................................15

*Davis v. Boeheim*,
 24 N.Y.3d 262 (2014) ...........................................................................................14

4933-2445-5567, v. 2

*Eiseman v. State,*
   70 N.Y.2d 175 (1987) ...........................................................................................15

*Freese v. Willa,*
   89 A.D.3d 795 (2d Dep't 2011) ...........................................................................11

*Jeffrey v. Fayetteville-Manlius Cent. Sch. Dist.,*
   202 N.Y.S.3d 586 (4th Dep't 2023)......................................................................12

*Lloyd v. Grella,*
   611 N.Y.S.2d 799 (1994) .....................................................................................17

*Mann v. Abel,*
   10 N.Y.3d 271 (2008) ..........................................................................................14

*N.Y. State Med. Transp. Ass'n, Inc. v. Perales,*
   77 N.Y.2d 126 (1990) ..........................................................................................17

*Panek v. Brantner,*
   217 A.D.3d 1567 (4th Dep't 2023).......................................................................13

*Peace v. KRNH, Inc.,*
   12 A.D.3d 914 (3d Dep't 2004) ...........................................................................11

*Santavicca v. City of Yonkers,*
   132 A.D.2d 656 (2d Dep't 1987) .........................................................................14

*Secor v. Town of Orangetown,*
   250 A.D.2d 588 (2d Dep't 1998) .........................................................................10

*Wilson v. Dantas,*
   29 N.Y.3d 1051 (2017) ........................................................................................16

4933-2445-5567, v. 2

**INTRODUCTION**

The Court previously granted in part a pre-answer motion to dismiss filed by Defendants Copenhagen Central School District ("District") and Scott Connell ("Mr. Connell"). Specifically, the Court dismissed (i) all claims against the District under 42 U.S.C. § 1983 ("Section 1983"), (ii) all procedural due process and equal protections claims, and (iii) all state law claims for defamation, intentional infliction of emotional distress ("IIED"), and retaliation under New York State's whistleblower protection laws against all defendants. Dkt. No. 50.

In response to the Court's Order, Plaintiff Wyatt Wagner ("Plaintiff") filed a Second Amended Complaint ("Amended Complaint") asserting all the previously dismissed claims except that he abandoned his IIED and equal protection claims. *See* Dkt. No. 72. However, Plaintiff's revised pleading remains defective and fails to state viable claims upon which relief can be granted. Thus, Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure *with prejudice,* so this exercise need not be repeated.

**STATEMENT OF FACTS[1]**

For brevity, and because the standard applicable to this motion requires the Court to assume facts alleged in the Amended Complaint are true, Defendants will not restate those facts here. Rather, facts relevant to this motion are incorporated into the argument section below with applicable record citations. The only exception is that Defendants offer the following facts related to Plaintiff's asserting in the Amended Complaint that Defendants waived their right to a New York General Municipal Law § 50-h examination ("50-h examination).

---

[1] The facts stated herein are not admitted by defendants. Rather, they are taken from the Amended Complaint and its attachments consistent with the standard applicable to this motion.

Plaintiff alleges that he served Defendants with a Notice of Claim ("NOC") on May 12, 2025.  Dkt. No. 72 at ¶ 4.  Defendants subsequently served Plaintiff with notice of 50-h examination on via certified mail on June 12, 2025.  Frank Miller Declaration dated 2/27/2026 ("Miller Decl."), ¶ 3.

Defendants originally scheduled the 50-h examination for June 25, 2025, at 10:00 a.m. *Id.* at ¶ 3-4, Ex. 1.  On June 23, 2025, Defendants emailed Plaintiff indicating the examination would be rescheduled because their attorney had a court appearance scheduled for that time.  *Id.* at ¶ 5, Ex. 2. Defendants proposed several dates in August 2025.  *Id.* Plaintiff replied via email on June 24, 2025, that he would not consent to rescheduling the examination beyond 90 days from service of his NOC, and provided his availability in July.  Defendants replied on June 25, 2025, offering several dates in July that did not conflict with Plaintiff's availability.  *Id.* Plaintiff replied the same day arguing that Defendants waived their right to a 50-h examination and refused to provide his availability for an examination. *Id.*

Despite Plaintiff's objection, Defendants sent an amended notice of examination and correspondence by email dated July 7, 2025.  *Id.* at ¶ 6, Ex. 3. Mr. Wagner acknowledged receipt of the same and replied by letter on July 8, 2025, again restating his refusal to comply.  *Id.* at ¶ 7, Ex. 4.  He claimed in that correspondence that Defendants had waived their right to an examination.  *Id.* Specifically, Plaintiff's letter stated that "unless ordered by a Judge, I will not be participating in a 50-h hearing as the Copenhagen Central School District waived its right to the hearing by failing to attend the previously scheduled examination on June 25, 2025." *Id.*

Defense counsel responded to Mr. Wagner on July 9, 2025, and sent Mr. Wagner correspondence advising him that his refusal to comply would constitute a waiver of his claims under state law.  *Id.* at ¶ 9, Ex. 5. The letter also offered Mr. Wagner an opportunity to notify our

2

office if he was willing to submit to the examination on the 15th.  *Id.* at ¶ 9-10. Ex. 5. If so, a link would be provided to him.  In that same letter it stated as follows:

> "If at any time you recognize your obligation to submit to the 50-h examination prior to the 16th, please contact this office and we will send you the necessary link.  Otherwise, you may consider that your refusal stands and that your claims under state law will be submit to dismissal pursuant to the provisions of General Municipal Law § 50-h and the relevant caselaw." *Id.* at ¶ 10, Ex. 5.

Despite this notice, Plaintiff did not contact defense counsel to indicate he would participate and request a link for the examination.  *Id.* at ¶ 11.  Instead, Plaintiff maintained that the District waived its right to examine him and reiterated his refusal to participate in an examination.  *Id.* at ¶ 11, Ex. 6.

## STANDARD OF REVIEW

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).  When assessing if a complaint asserts sufficient facts to survive a motion to dismiss, courts may consider "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Sharikov v. Philips Med. Syst. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (quotation marks and citations omitted). Courts may also consider documents that are "integral to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in the defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it when framing the complaint."  *Wagner v. Copenhagen Cent. Sch. Dist.*, No. 25-CV-00659, 2026 WL 60750, at *5 (N.D.N.Y. Jan. 8, 2026) (citing *Weiss v. Inc. Vill. Of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011)).  Where the

4933-2445-5567, v. 2

complaint merely states legal conclusions or recites legal elements of a claim without supporting facts, such allegations "are not entitled to the assumption of truth" and dismissal is appropriate. *Iqbal*, 556 U.S. at 679.

**ARGUMENT**

**Point I**
**All Section 1983 Civil Rights Claims**
**Against the District Must be Dismissed**

A school district can only be liable under Section 1983 under the doctrine of municipal liability established by *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978). Under the *Monell* doctrine, liability against a school district only exists upon a showing that the alleged civil rights violation was the result of the school district's official policy, longstanding custom or that the employee who committed the alleged constitutional violation was the final policymaker for the specific incident at issue. *See id.* at 694-95; *Wang v. Bethlehem Cent. Schl. Dist.*, No. 21-CV-1023, 2022 WL 3154142, at *9 (N.D.N.Y. Aug. 8, 2022).

Here, the Amended Complaint is devoid of any factual allegations establishing the alleged constitutional violations were the result of a District policy or an established custom or practice. Rather, the Amended Complaint is firmly rooted in Mr. Connell's alleged actions which resulted in him restricting Plaintiff's access to the school without prior approval. *See* Dkt. No. 72 at ¶¶ 12-20. Therefore, Plaintiff's Section 1983 claims against the District fail unless Mr. Connell was the final policymaker on access to school property. And it is clear, as this Court previously held, a school superintendent like Mr. Connell is not a final policymaker because the Board of Education ("Board") has "final authority over various matters, including [] regulating conduct on district property." *Wagner*, 2026 WL 60750 at *5 (quoting *Jones v. Bay Shore Union Free Sch. Dist.*, 170 F. Supp. 3d 420, 438-39 (E.D.N.Y. 2016)); *see* N.Y. Educ. Law § 1708-

4

1709, 2801.  Even the Amended Complaint acknowledges the "Board of Education has final policymaking authority," not Mr. Connell.  Dkt. 72, ¶ 33.

Plaintiff attempts to cure this fatal flaw by asserting in conclusory fashion that the District's School Board ("Board") "ratified" Mr. Connell's conduct by allegedly failing to act in response to an email he sent alleging Mr. Connell retaliated against him.  Dkt. 72, ¶ 35. Essentially, the Amended Complaint contends that Mr. Connell is a de facto final policymaker because of the Board's alleged inaction.  However, "the Supreme Court has rejected the 'concept of *de facto* final policy making authority," and Plaintiff must instead "demonstrate that through its *deliberate* conduct" the Board "was the moving force behind the injury."  *Agosto v. New York City Dept. of Educ.*, 982 F.3d 86, 100 (2d Cir. 2020) (internal quotation marks omitted, quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988)).  Therefore, Plaintiff's allegation that the Board went along with Mr. Connell's decision by its alleged inaction does not constitute a delegation of final policy making authority.  This was made clear by the Supreme Court long ago when it held that a municipality's "going along with discretionary decisions made by subordinates…is not a delegation to them of the authority to make policy." *Praprotnik*, 485 U.S. at 130.  Likewise, "the mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority, especially where (as here) the wrongfulness of the subordinate's decision arises from a retaliatory motive or other unstated rationale." *Id.*  This binding precedent requires dismissal of Plaintiff's Section 1983 claims against the District.  *Id.*; *see Hansen v. Watkins Glen Cent. Sch. Dist.*, 832 F. App'x 709, 714-15 (2d Cir. 2020) (no *Monell* liability for school district based on its superintendent requiring plaintiff to obtain his permission before accessing school property); *Hurdle v. Bd. of Educ. of City of New York*, 113 F. App'x 423 (2d Cir. 2004) (superintendent was not a final policymaker

5

under state law and the district could not be liable for her actions under Section 1983); *Wagner*, 2026 WL 60750, at \*5-6.

**Point II**
**There is No Independent Cause of Action for**
**Monell Liability and the Third Claim Must be Dismissed**

Plaintiff's third cause of action is titled "Monell Liability (Ratification)." Dkt. 72, ¶ 32-35. However, *Monell* is a term used to describe a form of liability established by case law, it is not an independent cause of action. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action…it *extends* liability to a municipal organization…"). Therefore, Plaintiff's third cause of action for "Monell Liability (Ratification)" must be dismissed. *Id.*; *Stokes v. Wayne Cnty.*, 23-CV-06482, 2024 WL 4262276, at \*5 n2 (W.D.N.Y. Sep. 23, 2024) (granting motion to dismiss third cause of action for a "Monell claim" because Monell is not a cause of action but a form of liability); *Weems v. New York*, No. 23-CV-6305, 2024 WL 4150397, at \*5-6 (W.D.N.Y. Sep. 10, 2024) (granting motion to dismiss a "Monell Liability" claim because "*Monell* is not a cause of action, but is rather a form of liability.") (quoting *Watkins v. Town of Webster*, 592 F. Supp. 3d 96, 118-19 (W.D.N.Y. 2022)).

**Point III**
**Plaintiff's Due Process Claim Fails to Identify a**
**Protected Property or Liberty Interest and Must be Dismissed**

Plaintiff's due process claim was previously dismissed because access to school property is not a protected liberty or property interest. *Wagner*, 2026 WL 60750 at \*5 (citations omitted). The Amended Complaint attempts to create a new theory of liability—a stigma-plus due process claim—by contending that Plaintiff has a liberty interest in his reputation and professional standing. Plaintiff contends that statements Mr. Connell allegedly made to members of the

6

Cornell Cooperative Extension ("CCE") and District resulted in CCE reassigning him to another school and the loss of a peer educator role with Planned Parenthood.  Dkt. No. 72 at ¶¶ 28-31. Plaintiff does not assert a property interest in his reputation and processional standing, only a liberty interest.  *Id.* at ¶ 28. Plaintiff does not allege he was ever employed by the district, but that his private employment was allegedly impacted by Mr. Connells' statement.  *See id.*

To state a viable procedural due process claim, a party must allege they have a protected liberty or property interest for which they were improperly deprived without constitutionally sufficient due process.  *Bangs v. Smith*, 84 F.4th 87, 97 (2d Cir. 2023).  For a stigma-plus due process claim, Plaintiff must allege that: (i) a statement was made that is allegedly false, capable of being proven false and was sufficiently derogatory to injury his reputation, and (ii) there was a material government-imposed burden or alteration of his status or rights.  *Balentine v. Tremblay*, 554 F. App'x 58, 60 (2d Cir. 2014).  The loss of government employment may support the second prong of a stigma-plus due process claim.  *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004).  However, an alleged "reputational damage resulting in the loss of private employment, humiliation, and embarrassment are inadequate to satisfy the [latter] 'plus' requirement."  *Id.*

Here, Plaintiff did not work for the District or any government agency, nor did he lose a job.  Rather, Plaintiff worked for CCE which is a private non-profit organization.  CCE did not fire Plaintiff; they transferred him to another work location.  Dkt. 72 at ¶ 31.  Plaintiff also alleges that his "role" with Planned Parenthood was terminated.  *Id.* The Amended Complaint cites an email with Planned Parenthood which plainly states he was a volunteer, not an employee, at Planned Parenthood.  *Id.*; Dkt. 72-22.  Regardless, even if Plaintiff was an at-will employee of Planned Parenthood who lost his job, the Amended Complaint still fails to allege

7

sufficient facts to support the "plus" factor and his stigma-plus due process claim must be dismissed. *Balentine*, 554 F. App'x at 60; *Drake v. Lab. Corp. of Am. Holdings*, 290 F. Supp. 2d 352, 361 (E.D.N.Y. 2003) ("The loss of private employment coupled only with a 'foreclosure of other employment opportunities' is insufficient" to state a stigma-plus due process claim) (quoting *Easton v. Sandram*, 947 F.2d 1011, 1016 (2d Cir. 1991)); *Vosburgh v. Burnt Hills – Ballston Lake Cent. Sch. Dist.*, No. 18-CV-1003, 2019 WL 315054, at *8 (N.D.N.Y. Jan 24, 2019) (granting motion to dismiss stigma-plus due process claim by school district employees who claimed defamatory statements led to their termination and adverse impact on future employment opportunities because they did not lose a protected property or liberty interest); *Karcz v. City of North Tonawanda*, No. 16-CV-0628, 2024 WL 5239726, at *17 (W.D.N.Y. Dec. 27, 2024) ("allegations of loss of private employment are insufficient" to state a stigma-plus due process claim) (citing *Valmonte v. Bane*, 18 F.3d 992, 1001-02 (2d Cir. 1994) (negative impact on "job prospects…or any other typical consequences of a bad reputation" is insufficient to establish a stigma-plus due process claim)).

**Point IV**
**Plaintiff's Retaliation Claim**
**Must be Dismissed for Insufficient Harm**

To state a viable First Amendment Retaliation Claim, Plaintiff must adequately plead that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (citation omitted). To meet this standard, private citizens asserting such a claim generally must show "actual chilling" in their speech because of defendant's alleged actions. *Zherka v. Amicone*, 634 F.3d

8

642, 644-45 (2d Cir. 2011).[2] However, if a private citizen shows separate concrete harm, they need not establish actual chilling. *Guillory v. Upstate Univ. Police*, No. 21-CV-1117, 2021 WL 6274449, at*3 (N.D.N.Y. Dec. 14, 2021). Under this standard, allegedly "retaliatory insults or accusations may wound one's sole, but by themselves fail to cross the threshold of measurable harm required" to sustain a Section 1983 First Amendment claim. *Zherka*, 634 F.3d at 644-45.

Here, Plaintiff alleges that Mr. Connell called his supervisor at CCE and asked to "trade" him to another school district and opined that Plaintiff was "unwelcomed" at the District. Dkt. No. 72 at ¶ 14. As a result of the statement, Plaintiff alleges that CCE transferred him to work at another school district. *Id.* at 15; Dkt. No. 72-19 at p. 66. However, Mr. Connell's stated opinion about what occurred did not actually chill Plaintiff's speech as he continued (and continues) to make the same claims. Also, the alleged statements by Mr. Connell do not constitute concrete harm sufficient to state viable retaliation claim requiring dismissal. *See Zherka*, 634 F.3d at 644-45 (affirming dismissal of claim where plaintiff alleged the Mayor said he was a "mobster…thug" who would "loot [the] pension fund" of people in retaliation for public statements about the Mayor but his speech was not chilled).

**Point V**
**Plaintiff's State Law Claims are Barred by**
**General Municipal Law § 50-h and Must be Dismissed**

The law in the State of New York is clear that the failure to comply with a lawful 50-h demand results in the waiver of any claim asserted in that notice of claim. *Aikhoje v. City of New York*, 235 A.D.3d 610, 612 (2d Dep't 2025); *A.R. v. Urrutia*, 212 A.D.3d 670, 671 (2d Dep't 2023). Here, Plaintiff was properly served with a 50-h examination notice. When Defendants counsel attempted to reschedule the examination due to a conflict, Plaintiff refused

---

[2] This differs from public employees who must show an adverse employment action, or inmates who must show the retaliatory conduct would deter a similarly situated person of ordinary firmness from exercising their constitutional rights. *Zherka*, 634 F.3d at 644-45.

4933-2445-5567, v. 2

to cooperate. After receiving an amended 50-h examination notice rescheduling the examination for July 16, 2025—well within the 90-day period from when the NOC was served on May 12, 2025—Plaintiff acknowledge receipt but refused to attend despite being warned in writing that his refusal to attend would constitute legal waiver of his state law claims. Despite this clear warning, Plaintiff opted for the legally incorrect tactic of claiming the examination was waived. Plaintiff should not be rewarded for such gamesmanship, and his state law claims should be dismissed with prejudice for refusing to submit to a 50-h examination. *Secor v. Town of Orangetown*, 250 A.D.2d 588, 589 (2d Dep't 1998) (reversing trial court and dismissing claims where defendant's attorney timely served the initial 50-h examination notice and plaintiff's counsel subsequently refused to reschedule the examination arguing instead that the examination was waived); *Maggio v. Palmer*, 810 F. Supp. 50, 51-52 (E.D.N.Y. 1993) (granting motion to dismiss for failure to attend 50-h examination based on affidavits from the parties); *see Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999) ("Failure to comply with [notice of claim] requirements [under state law] ordinarily requires dismissal for failure to state a claim.").

**Point VI**
**Plaintiff Fails to State a Whistleblower Claim**

Plaintiff's fourth cause of action alleges a violation of N.Y. Labor Law ("NYLL") § 740, claiming that Mr. Connell's directive requiring Plaintiff to obtain permission before entering school property was in retaliation for Plaintiff reporting alleged aversive intervention by a school teacher in violation of state law. However, Plaintiff fails to state a claim because (i) he is neither an employee nor an independent contractor, and (ii) he fails to allege facts showing a substantial and specific danger to public health and safety as required by NYLL § 740.

NYLL § 740 prohibits certain "retaliatory action" by "employers" against an "employee." The term employee is defined to include individuals who perform "services for and under the control and direction of an employer for wages and other remuneration." *Id.* at 740(1)(a). The term also includes "natural persons employed as independent contractors to carry out work in furtherance of an employer's business enterprise who are not themselves employers." *Id.*

The Amended Complaint does not allege that Plaintiff was an employee or an independent contractor of the District. Plaintiff points to no contract between himself and the District to arguably support contractor status. Rather, the Amended Complaint alleges that Plaintiff was initially at the school as an employee of CCE, a fact verified by CCE. Dkt. No. 72 at ¶ 9; Dkt. No. 72-19 at p. 97.[3] Plaintiff subsequently came to the school as a visitor to set up a table to "get the word out there to the youth" about services provided by his non-profit organization. Dkt. No. 72-5 at p. 2; *see* Dkt. No. 72 at ¶ 18. Because Plaintiff fails to plead facts establishing that he was an employee or independent contractor for the District when the alleged retaliation occurred, this claim must be dismissed. *Geldzahler v. New York Medical College*, 746 F. Supp. 2d 618 (S.D.N.Y. 2010) (dismissing NYLL § 740 claim where plaintiff was not an employee at the time of the alleged adverse action and not covered by the statute); *Freese v. Willa*, 89 A.D.3d 795 (2d Dep't 2011) (dismissing NYLL § 740 claim because there was no employer-employee relationship).

Additionally, "New York courts have also stringently construed the requirement that a plaintiff seeking to state a Section 740 claim properly plead that the employer's conduct presented a 'substantial and specific danger to the public health and safety.'" *Wagner*, 2026 WL 60750 at

---

[3] Plaintiff's allegations have shifted in this regard. He previously provided sworn testimony that he complained "as a member of the community" who lives in the district, not a CCE employee. Dkt. 72-19 at p. 66, 73-74. Either way, he was not an employee or independent contractor.

4933-2445-5567, v. 2

\*12 (quoting *Barker v. Peconic Landing at Southold, Inc.*, 885 F. Supp. 2d 564, 570 (E.D.N.Y. 2012)). "Thus, the statute has been construed as requiring a 'certain quantum of dangerous activity before its remedies are implicated.'" *Id.* (quoting *Peace v. KRNH, Inc.,* 12 A.D.3d 914, 915 (3d Dep't 2004)). Here, the conduct for which Plaintiff complains is one instance of students being required to walk for the duration of gym class. Dkt. No. 72 at ¶¶ 9-10 Dkt. No. 72 at p. 9. Plaintiff presents no factual allegations to show a substantial and specific danger to public health and safety. Plaintiff's conclusory recitation of this legal element in the Amended Complaint is insufficient, and this claim must be dismissed. *Wagner*, 2026 WL 60750 at \*12.

**Point VII**
**Plaintiff Fails to State a Viable**
**Defamation Claim and it Must be Dismissed**

After his prior defamation claim was dismissed, Plaintiff now alleges Mr. Connell defamed him by (i) stating to Stephani Graf that he was "loud and verbal and unwelcome" and (ii) said to Luke Monnat that Plaintiff was a "security threat." Dkt. No. 72 at ¶ 41-42. Ms. Graf was Plaintiff's work supervisor at CCE. *Id.* at ¶ 14. Mr. Monnat was employed by the District as its School Resource Officer ("SRO") when the alleged statement was made. *Id.* at ¶ 41. Plaintiff also alleges unspecified statements were made by Mr. Connell about him to the District's Board. *Id.* However, as detailed below, the alleged statements are privileged as a matter of law, are opinion or hyperbole and are not otherwise actionable as defamation under New York State law.

A. **Mr. Connell's Alleged Statements are Protected by Absolute Immunity & Qualified Privilege**

The Amended Complaint alleges that Mr. Connell made the above statements to the Districts SRO, Board members and Ms. Graf as part of his job duties as the Superintendent. However, "it is well settled that government officials are absolutely immune from discretionary

12

acts carried out in the course of official duties and that immunity attaches [no matter] however erroneous or wrong such conduct may be, or however malicious even the motive which produced it." *Jeffrey v. Fayetteville-Manlius Cent. Sch. Dist.*, 202 N.Y.S.3d 586, 588 (4th Dep't 2023) (internal quotation marks, alterations and citations omitted). Therefore, statements a school superintendent makes to the school board, SRO or an agency providing school services which occur in the course of their job duties have absolute immunity against defamation claims, even if the statements prove false. *Id.* (affirming dismissal of defamation claim against school superintendent who allegedly told the school board that he had intel from a reliable source that a student's parents bought him a shotgun for graduation regarding a potential threat to student safety); *Panek v. Brantner*, 217 A.D.3d 1567, 1568 (4th Dep't 2023) (affirming dismissal of defamation action where superintendent's alleged defamatory statements to students about why plaintiff was dismissed as their coach was made as part of her job duties and entitled to absolute immunity).

Additionally, even if the Court disagrees on whether absolute immunity applies, qualified privilege based on the common interest doctrine also requires dismissal of Plaintiff's defamation claims. "New York courts have used the terms 'qualified privilege' and 'qualified immunity' in defamation cases without distinguishing between them." *Peters v. Baldwin Union Free Schl. Dist.*, 320 F.3d 164, 169 n. 4 (2d Cir. 2003). Qualified privilege under New York law precludes liability against even defamatory statements if made between individuals with a common interest. Thus, a former employer's communication regarding a plaintiff's job qualifications, fitness and professional conduct with a government agency is entitled to qualified immunity/privilege due to their common interest in the subject matter. *Croy v. A.O. Fox Memorial Hosp.*, 68 F. Supp. 2d 136, 144-45 (N.D.N.Y. 1999).

4933-2445-5567, v. 2

Here, all of Mr. Connell's alleged defamatory statements were made to parties with common interest. Mr. Connell's communication with the District's Board and SRO all relate to access to school property—an issue that clearly fits within the interest and obligation to maintain a safe and secure learning environment for students. Likewise, Mr. Connell's phone call with Ms. Graf was part of a common interest as it related to Plaintiff's performance while providing services for his employer, CCE, on District property. Such communication is immune from liability under the common interest qualified privilege, and this claim must be dismissed. *See Croy*, 68 F. Supp. 2d at 144-45 (granting motion to dismiss defamation action based on qualified immunity because the employer and state agency had a common interest in sharing information regarding plaintiff's prior employment and misconduct); *Santavicca v. City of Yonkers*, 132 A.D.2d 656 (2d Dep't 1987) (superintendent's alleged defamatory statement to the press about a school coach was properly dismissed as protected by qualified privilege).

### B. Mr. Connell's Alleged Statements are Non-Actionable Opinion or Hyperbole

Under New York State law, a "plaintiff must establish five elements" to establish a defamation claim, including "(1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). A party's "expression[] of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). One's opinion "may take one of two forms" and could be "a statement of opinion which is accompanied by a recitation of the facts upon which it is based, or it may be an opinion not accompanied by such a factual recitation so long as it does not imply that it is based on undisclosed facts." *Davis v. Boeheim*, 24 N.Y.3d 262, 269 (2014)

14

(internal quotation marks and citations omitted). The determination of whether a statement is actionable fact or opinion "is a question of law for the courts, to be decided based on what the average person hearing or reading the communication would take it to mean." *Id.* (internal quotation marks and citations omitted).

Mr. Connell's alleged statements that Plaintiff is loud and verbal and unwelcome are plainly subjective non-actionable opinion and/or hyperbole. Therefore, this claim should be dismissed. *See Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014) (allegations that defendant said plaintiff was a "sucker, fool, frontman" etc. was nonactionable opinion and merely "an expression of one's view of another"); *Bohm v. Karp, Silver, Glinkenhouse & Floumanhaft*, 276 A.D.2d 733, 734 (2d Dep't 2000) (affirming dismissal of defamation claim and holding that defendant's letter calling plaintiff "obnoxious" was non-actionable opinion).

**Point VIII**
**The District Does Not Owe Plaintiff a Cognizable Duty of Care**
**and the Negligence Claim Must be Dismissed**

To establish a prima facie case of negligence under New York law, a plaintiff must show: "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result." *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 420 (N.D.N.Y. 2019) (quoting *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006)). "The determination of whether or not a defendant had a cognizable duty of care is a legal question the court must resolve." *Abdulaziz v. McKinsey & Co., Inc.*, No. 21-2921, 2022 WL 24444925, at *2 (2d Cir. July 5, 2022) (summary order) (citing *Eiseman v. State*, 70 N.Y.2d 175, 187 (1987)). Thus, courts may dismiss negligence claims that fail to allege sufficient facts to establish a cognizable duty of care between the parties. *Id.*; *see Hamilton v. Baretta U.S.A. Corp.*, 264 F.3d 21, 30 (2d Cir. 2001) ("it is black-letter law in New

15

York that a plaintiff cannot recover on a negligence claim absent some duty of care owed by defendant to the plaintiff").

The Amended Complaint alleges in conclusory fashion that the District owed a duty to Plaintiff to record his misconduct as workplace violence under the District's workplace violence prevention policy. Dkt. No. 72 at ¶ 45-46. Plaintiff also alleges in conclusory fashion that this alleged administrative error supposedly resulted in the no trespass directive. However, the Amended Complaint contains no facts to support these conclusory statements as required by the *Iqbal* pleading standard. There is not a single fact alleged in the Amended Complaint that logically suggests Mr. Connell's alleged failure to document Plaintiff's misconduct under this policy was the proximate cause of the alleged harm (i.e., the no trespass directive). For this reason alone, dismissal is required. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a viable claim that survives a motion to dismiss); *Syracuse v. Loomis Armored US, LLC*, No. 11-CV-00744, 2012 WL 88332, at *6 (N.D.N.Y. Jan. 11, 2012) (granting motion to dismiss negligence claim where plaintiff failed to allege factual allegations showing a special relationship to create a duty of care and instead only made conclusory allegations).

Also, Plaintiff does not contend he is a District employee. The District does not owe a legal duty to a non-employee to ensure its employment policies are followed. Therefore, the Amended Complaint fails to state a viable negligence claim as a matter of law and it must be dismissed. *Schiebel v. Schoharie Cent. Sch. Dist.*, No. 22-CV-1109, 2025 WL 1727117, at *3 (N.D.N.Y. June 20, 2025) (dismissing negligence claim by non-employee who was banned from school property because the school did now owe him a duty of care to enforce its policies and

16

procedures equitably and fairly) (citing *Doe v. Syracuse Univ.*, 440 F. Supp. 3d 158, 181 (N.D.N.Y. 2020); *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 420-21 (N.D.N.Y. 2019)).

**Point IX**
**There is No Manifest Injustice and Plaintiff's**
**Promissory Estoppel Claim Must be Dismissed**

To state a viable promissory estoppel claim, a plaintiff must establish that the defendant made a "clear and unambiguous promise, upon which the plaintiff reasonably relied, to its detriment." *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 (2d Cir. 2019) (quoting *Wilson v. Dantas*, 29 N.Y.3d 1051, 1062 (2017) (internal quotation marks and alteration omitted). However, "[e]ven if a plaintiff can establish those elements…promissory estoppel is generally 'not available against a governmental agency engaging in the exercise of its governmental functions.'" *Id.* (citations omitted). Thus, such a claim is precluded against a municipality "in all but the rarest cases" where "the government's 'misleading nonfeasance would otherwise result in a manifest injustice.'" *Id.* A party "cannot rely on the conduct of government agents contrary to law as a basis for 'manifest injustice' claims" for promissory estoppel. *Id.* (quoting *N.Y. State Med. Transp. Ass'n, Inc. v. Perales*, 77 N.Y.2d 126, 131 (1990)).

Here, Plaintiff's claim is based on an alleged promise by the school secretary that he could set up a table for a brief period during school hours to provide information about his non-profit organization but required to leave the building shortly after arriving. The alleged detrimental effect of this was that he prepared materials and traveled to the school. Dkt. No. 72 at ¶¶ 47-49. This claim is plainly rooted in the District's exercise of its governmental function of controlling access to school grounds. *Jones*, 170 F. Supp. 3d at 433 ("Schools possess the right to 'exercise ultimate authority for access to students, school buildings and school property.")

17

(quoting *Lloyd v. Grella*, 611 N.Y.S.2d 799, 802 (1994)).  However, the Amended Complaint fails to plead sufficient facts to establish a manifest injustice.  Rather, Plaintiff alleges the result of the alleged incident was that he prepared some material and unnecessarily drove to school. This does not even constitute a tangible injury, much less a manifest injustice, and this claim must be dismissed.  *See NRP Holdings LLC*, 916 F.3d at 202 (no manifest injustice based on plaintiff's allegation that it incurred $489,000 in costs preparing for a service the city allegedly promised it would provide).

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion and dismiss the entire Amended Complaint with prejudice together with such other relief as the deemed appropriate by the Court.

Dated: February 27, 2026

**HANCOCK ESTABROOK, LLP**

s/Robert C. Whitaker Jr.

Robert C. Whitaker Jr. (Bar Roll No. 515645)
Frank W. Miller (Bar Roll No. 102203)
*Attorneys for Defendants*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500

18