**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

Wyatt Wagner,

                           Plaintiff,

       vs.

Copenhagen Central School District and
Scott Connell individually & officially in his
capacity as Superintendent of School,

                        Defendants.

Civil Action No.: 6:25-cv-659
(BKS/TWD)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**HANCOCK ESTABROOK, LLP**
Robert C. Whitaker Jr. (Bar Roll No. 515645)
Frank W. Miller (Bar Roll No. 102203)
*Attorneys for Defendants*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500

4898-8135-3878, v. 1

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................ 1

   Point I The Court May Consider Plaintiff's Emails Showing His Refusal to Attend a 50-h Examination and the Motion is not Barred by the Law of the Case......... 1

   Point II There is no Monell Cause of Action ............................................................. 3

   Point III Plaintiff Lacks Concrete Harm ................................................................... 4

   Point IV The Alleged Defamatory Statements are not Actionable ............................... 5

   Point V Plaintiff's Promissory Estoppel Claim Fails as a Matter of Law...................... 7

   Point VI Plaintiff's Negligence Claim Must be Dismissed........................................... 7

   Point VII Plaintiff's Stigma-Plus Claim Fails as a Matter of Law................................ 8

   Point VIII Plaintiff was not an Independent Contractor Under NYLL § 740 ................ 8

CONCLUSION.................................................................................................... 9

4898-8135-3878, v. 1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Balentine v. Tremblay*,
554 F. App'x 58 (2d Cir. 2014) ...............................................................................8

*City of Phila. v. Bank of Am. Corp.*,
609 F. Supp. 3d 269 (S.D.N.Y. 2022)........................................................................2

*Doe v. Syracuse Univ.*,
440 F. Supp. 3d 158 (N.D.N.Y. 2020)......................................................................7

*Hansen v. Watkins Glen Cent. Sch. Dist.*,
832 F. App'x 709 (2d Cir. 2020) .............................................................................3

*Hardy v. N.Y.C. Health & Hosp. Corp.*,
164 F.3d 789 (2d Cir. 1999)......................................................................................2

*Hawthorne by Hawthorne v. Cnty. of Putnam*,
492 F. Supp. 3d 281 (S.D.N.Y. 2020)......................................................................4

*Hurdle v. Bd. of Educ. of City of New York*,
113 F. App'x 423 (2d Cir. 2004) .............................................................................3

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2d Cir. 2011)......................................................................................1

*Lixenberg v. Complex Media, Inc.*,
808 F. Supp. 3d 625 (S.D.N.Y. 2025)......................................................................2

*Noakes v. Syracuse Univ.*,
369 F. Supp. 3d 397 (N.D.N.Y. 2019)......................................................................7

*NRP Holdings LLC v. City of Buffalo*,
916 F.3d 177 (2d Cir. 2019)......................................................................................7

*Schiebel v. Schoharie Cent. Sch. Dist.*,
No. 22-CV-1109, 2025 WL 1727117 (N.D.N.Y. June 20, 2025)...........................7

*Segal v. City of New York*,
459 F.3d 207 (2d Cir. 2006)......................................................................................3

*Shred-It USA Inc. v. Mobile Data Shred*,
222 F. Supp. 2d 376, 380 (S.D.N.Y. 2002) .............................................................6

4898-8135-3878, v. 1

*Vosburgh v. Burnt Hills – Ballston Lake Cent. Sch. Dist.*,
   No. 18-CV-1003, 2019 WL 315054 (N.D.N.Y. Jan 24, 2019)..................................................8

*Wagner v. Copenhagen Cent. Sch. Dist.*,
   No. 25-CV-00659, 2026 WL 60750 (N.D.N.Y. Jan. 8, 2026)...........................................1, 3, 8

*Weiss v. Inc. Vill. Of Sag Harbor*,
   762 F. Supp.2d 560 (E.D.N.Y. 2011) ....................................................................................1

*Wurzelbacher v. Jones-Kelley*,
   675 F.3d 580(6th Cir. 2012) ................................................................................................4

*Zherka v. Amicone*,
   634 F.3d 642 (2d Cir. 2011).............................................................................................3, 4

**State Cases**

*Aikhoje v. City of New York*,
   235 A.D.3d 610 (2d Dep't 2025) .........................................................................................2

*Santavicca v. City of Yonkers*,
   132 A.D.2d 656 (2d Dep't 1987) .........................................................................................6

*Serratore v. Am. Port Svcs., Inc.*,
   293 A.D.2d 464 (2d Dep't 2002) .........................................................................................6

*Wilson v. Dantas*,
   29 N.Y.3d 1051 (2017) ........................................................................................................7

**State Statutes**

N.Y. Educ. Law § 1708-1709, 2801 ..........................................................................................3

**ARGUMENT**

**Point I**
**The Court May Consider Plaintiff's Emails Showing His Refusal to Attend a 50-h**
**Examination and the Motion is not Barred by the Law of the Case**

Documents provided by Defendants clearly establish that Plaintiff expressly refused to attend a rescheduled 50-h examination, despite being served with proper notice, claiming the examination was waived. Plaintiff does not dispute these facts in response but argues the Court should not consider extrinsic evidence on the issue. However, courts may consider documents that are "integral to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it when framing the complaint." *Wagner v. Copenhagen Cent. Sch. Dist.*, No. 25-CV-00659, 2026 WL 60750, at \*3 (N.D.N.Y. Jan. 8, 2026) (citing *Weiss v. Inc. Vill. Of Sag Harbor*, 762 F. Supp.2d 560, 567 (E.D.N.Y. 2011)).

Here, Defendants attach emails between Plaintiff and defense counsel regarding scheduling a 50-h examination which form the basis for Plaintiff's allegations in paragraphs 4-5 of the Amended Complaint. Dkt. No. 72 at ¶ 4-5. In response, Plaintiff does not deny the authenticity or nor knowledge of these documents. This information is clearly integral to the Amended Complaint and replied upon in it; and is information about which Plaintiff had knowledge and possession when framing the Amended Complaint. This is acknowledged in Plaintiff's response which argues the documents are proof that Defendants withheld a link to the 50-h examination, the same allegation in paragraph five of the Amended Complaint (Dkt. No. 72). Dkt. No. 76 at p. 3. Thus, the documents can be considered by the Court. *Id.*; *see L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011) (court properly considered emails between the parties that were integral to claims in the complaint on a Rule 12(c) motion).

1

Contrary to Plaintiff's argument, the documents are not proof that Defendants withheld a link to the 50-h examination scheduled for July 16, 2025. Dkt. No. 76 at p. 3. Rather, the letter states "please contact this office and we will send you the necessary link" if you decide to participate in the noticed 50-h examination. Dkt. No. 74-6. This was in response to Plaintiff's July 8, 2025 letter stating "[u]nless ordered by a judge, I will not be participating in a 50-h hearing…" Dkt. No. 74-5. This dispositively shows Plaintiff willfully refused to participate in a 50-h examination and requires dismissal of all state law claims. *See Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999) ("Failure to comply with [notice of claim] requirements [under state law] ordinarily requires dismissal for failure to state a claim."); *Aikhoje v. City of New York*, 235 A.D.3d 610, 612 (2d Dep't 2025).

Also, there is no legal authority to support Plaintiff's argument that because Defendants requested that he provide at least five days' notice to adjourn the original 50-h examination it renders the new examination notice defective. Nor does the Court's prior ruling on the original motion to dismiss render the issue moot under the law of the case doctrine since Plaintiff asserts new factual allegations. Plaintiff attached hundreds of pages of documents including an evidentiary hearing transcript to the Amended Complaint. *See* Dkt. 72-1 to 72-25. *Lixenberg v. Complex Media, Inc.*, 808 F. Supp. 3d 625, 640 (S.D.N.Y. 2025) (when a party "has filed an amended complaint following an earlier ruling, the law of the case doctrine does not apply to the extent that plaintiff has offered new claims or factual allegations.") (quoting *City of Phila. v. Bank of Am. Corp.*, 609 F. Supp. 3d 269, 282 (S.D.N.Y. 2022)). Moreover, if the Court applies this doctrine, it should apply equally to Plaintiff, resulting in dismissal of all claims previously dismissed by this Court.

4898-8135-3878, v. 1

**Point II**
**There is no Monell Cause of Action**

Plaintiff's response clarifies that what he lists as "Claim 3: Monell Liability (Ratification)" is not meant to be a standalone cause of action. Dkt. No. 76 at p. 4. This, coupled with binding authority on the issue, require dismissal of "Claim 3" as a separate cause of action as presented in the Amended Complaint. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action…it *extends* liability to a municipal organization…").

Also, Plaintiff's argument that Mr. Connell is a final policy maker is contradicted by the Amended Complaint which states that the "Board of Education has final policymaking authority." Dkt. No. 72 at ¶ 33. Attempting to escape his own allegations, Plaintiff argues that the Board allegedly delegated this authority to Mr. Connell. However, the law is clear that a Board of Education alone has final authority over policies related to access to and conduct on a school's property. *Wagner*, 2026 WL 60750, at *5; *see* N.Y. Educ. Law § 1708-1709, 2801. The limited delegation of a authority to enforce the Board's policy does not change this fact. Mr. Connell is not a final policy maker and the District is not liable for his actions and all of Plaintiff's federal civil rights claims against the District must be dismissed. *Id.*; *Hansen v. Watkins Glen Cent. Sch. Dist.*, 832 F. App'x 709, 714-15 (2d Cir. 2020) (no *Monell* liability for school district based on its superintendent requiring plaintiff to obtain his permission before accessing school property); *Hurdle v. Bd. of Educ. of City of New York*, 113 F. App'x 423 (2d Cir. 2004) (superintendent was not a final policymaker under state law and the district could not be liable for her actions under Section 1983).

3

## Point III
## Plaintiff Lacks Concrete Harm

Plaintiff's response does not dispute that his speech was not actually chilled to support his First Amendment retaliation claim. Dkt. No. 76 at p. 5. Thus, Plaintiff is deemed to have consented to this argument Local Rule 7.1. For his claim to survive, Plaintiff must prove concrete harm. *See Zherka v. Amicone*, 634 F.3d 642, 644-45 (2d Cir. 2011). Plaintiff argues that he suffered emotional harm which is sufficient to defeat this motion. The issue has not been directly addressed by the Second Circuit. *See id*. at 646-47 (declining to address whether emotional and psychological harm is sufficient for a First Amendment retaliation claim). Thus, it remains "an unsettled question in this Circuit whether…emotional damages are sufficient, standing alone, to give rise to a First Amendment retaliation claim." *Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 302 (S.D.N.Y. 2020).

If allegations of emotional harm based on being told you cannot enter a school without first requesting and obtaining approval can establish sufficient harm, it would effectively eliminate the requirement for establishing concrete harm altogether. Surely any plaintiff can allege, in good faith, feeling emotional distress whenever a government agency takes an action they dislike no matter how lawful the purpose or intent. If this is the standard for concrete harm, then there is no standard at all. Thus, Defendants maintain that Plaintiff fails to allege concrete harm sufficient to sustain a First Amendment retaliation claim. *See Zherka*, 634 F.3d at 646-47 ("[h]urt feelings or a bruised ego are not by themselves the stuff of constitutional tort"); *Hawthorne*, 492 F. Supp. 3d at 302-03 (granting motion to dismiss and holding that allegations that plaintiff suffered extreme and sever emotional distress was insufficient to state a claim); *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 584-85(6th Cir. 2012) (discussing the harm element required and distinguishing between disclosure of "humiliating details regarding a rape" as

4

sufficient but allegations of emotional harm related to public disclosure of a traumatic childhood incident is insufficient).

**Point IV**
**The Alleged Defamatory Statements are not Actionable**

Plaintiff incorrectly argues that Defendants seek dismissal of his defamation claim for "failing to plead the 'actual words' spoken by Defendant Connell." Dkt. No. 76 at p. 9. Defendants have not made that argument for this motion. *See* Dkt. No. 74-8 at pp. 12-15. Rather, Defendants argue that the alleged defamatory statements are protected by absolute immunity, qualified privilege and are otherwise non-actionable opinion or hyperbole. *Id.*

In response, Plaintiff argues that Mr. Connell is not entitled to absolute immunity because he acted outside the scope of his duties by supposedly contacting Plaintiff's employer to demand his "termination." *Id.* at p. 10. However, such argument is contradicted by the Amended Complaint and Plaintiff's prior sworn testimony. The Amended Complaint makes clear that all of Mr. Connell's actions at issue were in his capacity as the District's Superintendent. Dkt. No. 72 at ¶¶ 8, 12-15. The Amended Complaint does not allege that Mr. Connell asked Cornell Cooperative Extension ("CCE") to terminate Plaintiff, but to "trade" him for another individual based on the unprofessional manner in which Plaintiff conducted himself. *Id.* at ¶¶ 13-15. This was confirmed at a prior evidentiary hearing, the transcript of which Plaintiff attached to the Amended Complaint. Dkt. No. 72-19 at pp. 59, 62. In fact, CCE never terminated Plaintiff who instead resigned. *Id.* at 100 ("That was Mr. Wagner's choice to separate from employment. We did not terminate his employment.").

Plaintiff's reply does not dispute that alleged statements calling him "loud and verbal" are subjective non-actionable opinion and/or hyperbole and thus consents to this legal argument under local rules. *See* Dkt. No. 76 at pp. 10-11. Rather, Plaintiff argues that Mr. Connell

5

allegedly calling him a "security threat" is actionable because it implies that it is based on undisclosed facts. *Id.* at p. 10.

While this statement is opinion and hyperbole, even if the Court disagrees, both statements are protected by the common interest qualified privilege. Here, Mr. Connell allegedly told the District's School Resource Officer that Plaintiff is a "security threat." *Id.* Under New York State law, an employer making such a statement is immune from liability under the common interest qualified privilege. *Serratore v. Am. Port Svcs., Inc.*, 293 A.D.2d 464, 465 (2d Dep't 2002) ("plaintiff has no cause of action to recover damages for defamation based upon the alleged oral statements to other employees of the company and to police officers…that plaintiff could pose a security threat, since such statements are protected by qualified privilege") (citations omitted). Mr. Connell and the SRO had a common interest and ensuring the security of school access, making their communication privileged and immune from defamation claims. *Id.*; ); *Santavicca v. City of Yonkers*, 132 A.D.2d 656 (2d Dep't 1987) (superintendent's alleged defamatory statement to the press about a school coach was properly dismissed as protected by qualified privilege). This is particularly true since this statement was made to the School Resource Officer, who is a police officer. Dkt. No. 72-7 at ¶ 1 (verifying the SRO is member of the Sheriff's Office assigned to the District); *Shred-It USA Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376, 380 (S.D.N.Y. 2002) (statements to law enforcement officer are protected by qualified privilege). Plaintiff's conclusory allegation of malice is insufficient to defeat qualified privilege and Plaintiff's defamation claim must be dismissed. *Serratore*, 293 A.D.2d at 465 (conclusory allegation of malice insufficient to defeat qualified privilege for statement that a former employee posed a security threat).

4898-8135-3878, v. 1

**Point V**
**Plaintiff's Promissory Estoppel Claim Fails as a Matter of Law**

Plaintiff does not dispute that his promissory estoppel claim is rooted in the exercise of a governmental function. *See* Dkt. No 76 at pp. 13-14. Thus, Plaintiff must meet the high standard of pleading that this is among "the rarest cases" that requires an exception to the general rule that promissory estoppel claims are "generally not available against a governmental agency engaging in the exercise of its governmental functions." *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 (2d Cir. 2019) (quoting *Wilson v. Dantas*, 29 N.Y.3d 1051, 1062 (2017)) (internal quotation marks omitted). Defendants maintain that Plaintiff fails to plead a manifest injustice for the reasons previously stated. However, the Court need not even reach that issue because Plaintiff does not dispute that the basis for this claim is that Defendants acted contrary to law. And as stated in Defendants original moving papers, a party "cannot rely on the conduct of government agents contrary to law as a basis for manifest injustice claims" for promissory estoppel. *Id.* (citation and internal quotation marks omitted). Thus, dismissal is required. *Id.*

**Point VI**
**Plaintiff's Negligence Claim Must be Dismissed**

Plaintiff argues in reply, without citing any legal authority, that he was owed a duty of care as an invitee sufficient to support his negligence claim. Dkt. No. 76 at pp. 14-15. Notwithstanding the lack of legal authority, the argument misses the point. Plaintiff's claim is rooted in an alleged duty to Plaintiff to follow District employment policies. Dkt. 72 at pp. 42-46. However, it is clear that no such duty exists. *Schiebel v. Schoharie Cent. Sch. Dist.*, No. 22-CV-1109, 2025 WL 1727117, at *3 (N.D.N.Y. June 20, 2025) (dismissing negligence claim by non-employee who was banned from school property because the school did not owe him a duty of care to enforce its policies and procedures equitably and fairly) (citing *Doe v. Syracuse Univ.*,

7

440 F. Supp. 3d 158, 181 (N.D.N.Y. 2020); *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 420-21 (N.D.N.Y. 2019)).

**Point VII**
**Plaintiff's Stigma-Plus Claim Fails as a Matter of Law**

Plaintiff does not dispute that he did not work for the District, or otherwise lose employment at the District as a basis for his stigma-plus claim. Instead, Plaintiff argues that because his private employer, CCE, transferred him to another school district and he allegedly lost other employment opportunities he has pleaded a viable stigma-plus claim. However, under settled law even the loss of private employment is insufficient to support the "plus" factor and this claim must be dismissed. *Balentine v. Tremblay*, 554 F. App'x 58, 61 (2d Cir. 2014) (the "alleged reputational damage resulting in the loss of private employment, humiliation, and embarrassment are inadequate to satisfy the 'plus' requirement" for a stigma-plus claim); *Vosburgh v. Burnt Hills – Ballston Lake Cent. Sch. Dist.*, No. 18-CV-1003, 2019 WL 315054, at *8 (N.D.N.Y. Jan 24, 2019) (granting motion to dismiss stigma-plus due process claim by school district employees who claimed defamatory statements led to their termination and adverse impact on future employment opportunities because they did not lose a protected property or liberty interest).

**Point VIII**
**Plaintiff was not an Independent Contractor Under NYLL § 740**

Plaintiff attempts to revive his NYLL § 740 claim by arguing that *he was a contractor* with the District. Dkt. No. 76 at pp. 17-18. Plaintiff cites documents establishing that *CCE had a contractual relationship* with the District. *Id.* at p. 18. Thes documents affirm that Plaintiff was not an independent contractor of the District. Rather, as stated om Plaintiff's response, he was "an employee of an agency" that contracted with the District. *Id.* at p. 18.

8

Also, Plaintiff's attempt to mischaracterize the nature of his complaint as "corporate punishment" that created a substantial and specific danger to public health and safety is unavailing. No matter what buzz words Plaintiff uses to describe what occurred, the conduct for which Plaintiff complains is one instance of students being required to walk for the duration of gym class. Dkt. No. 72 at ¶¶ 9-10 Dkt. No. 72 at p. 9. This is hardly something that creates a substantial and specific danger to public health and safety as required to state a NYLL § 740 claim. Thus, this cause of action should be dismissed. *Wagner*, 2026 WL 60750 at *12.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion and dismiss the entire Amended Complaint with prejudice together with such other relief as the deemed appropriate by the Court.

Dated: March 9, 2026

**HANCOCK ESTABROOK, LLP**

*s/Robert C. Whitaker Jr.*

Robert C. Whitaker Jr. (Bar Roll No. 515645)
Frank W. Miller (Bar Roll No. 102203)
*Attorneys for Defendants*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500

9