**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WYATT WAGNER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT CONNELL, individually and in his official capacity as Superintendent of School,<br><br>Defendant. | Civil Case No. 6:25-cv-659 (BKS/CBF) |

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Scott Connell ("Defendant") by and through his attorneys, Hancock Estabrook, LLP, answers Plaintiff's Second Amended Complaint ("Complaint") as follows:[1]

## JURISDICTION AND VENUE[2]

1. Defendant ADMITS that the Court has subject matter jurisdiction over this action, and a First Amendment claim is asserted, and DENIES the remaining allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant DENIES the allegations in paragraph 2 of the Complaint.

3. Defendant ADMITS the allegations in paragraph 3 of the Complaint.

---

[1] On August 5, 2026, the court dismissed all of Plaintiff's claims except the first cause of action for First Amendment retaliation against Superintendent Scott Connell. Dkt. No. 93. Therefore, the Answer is limited to the sole surviving claim.

[2] For ease of reference and to facilitate a review of the Answer, Defendant Scott Connell has attempted to incorporate into his Answer the headings utilized by Plaintiff in his Complaint. To the extent these headings include any allegations relevant to this lawsuit, Defendant expressly denies such allegations.

## CONDITIONS PRECEDENT

4. Defendant ADMITS that Plaintiff served a document purporting to be a notice of claim on or about May 12, 2025, and DENIES the remaining allegations in paragraph 4 of the Complaint which state an improper legal conclusion.

5. Defendant DENIES the allegations in paragraph 5 of the Complaint.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant ADMITS the allegations in Paragraph 7 of the Complaint.

8. Defendant ADMITS that Defendant is the Superintendent of the Copenhagen Central School District, and DENIES the remaining allegations in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendant DENIES the allegations in paragraph 9 of the Complaint.

10. Defendant ADMITS that Plaintiff attempted to mischaracterize the actions of a physical education teacher as improper aversive intervention, and DENIES the remaining allegations in paragraph 10 of the Complaint which state an incorrect legal conclusion and mischaracterize what occurred.

11. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 11 of the Complaint.

12. Defendant ADMITS that Plaintiff sent Defendant an email on November 7, 2024, and DENIES the remaining allegations in paragraph 12 of the Complaint.

13. Defendant ADMITS that Plaintiff spoke with Defendant on or about November 12, 2024, and that Defendant found Plaintiff's behavior unprofessional. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant ADMITS the allegations in paragraph 14 of the Complaint.

15. Defendant ADMITS that Plaintiff was reassigned to work at another location due to his unprofessional behavior in November 2024, and DENIES the remaining allegations in paragraph 15 of the Complaint which mischaracterize what occurred.

16. Defendant ADMITS that on February 18, 2025, the District issued a written response to a FOIL request which stated that no responsive documents were found in response to certain requests, and DENIES the remaining allegations in paragraph 16 of the Complaint which state improper legal conclusions and mischaracterize what occurred.

17. Defendant ADMITS that he testified during a hearing in this action that, during the November 2024 meeting, he stated, "I didn't feel like you were going to harm anyone" and that Plaintiff left Defendant's office with his employer's key card unsupervised, and DENIES the remaining allegations in paragraph 17 of the Complaint which state improper legal conclusions and mischaracterize what occurred.

18. Defendant ADMITS that the email attached as Exhibit B states in part: "We are still on for you to visit Monday, January 13" and, DENIES the remaining allegations in paragraph 18 of the Complaint which state improper legal conclusions and mischaracterize what occurred.

19. Defendant ADMITS that Plaintiff arrived at the school on January 13, 2025, and DENIES the remaining allegations in paragraph 19 of the Complaint which state improper legal conclusions and mischaracterize what occurred.

20. Defendant ADMITS that Plaintiff sent correspondence to the Board of Education ("BOE") after January 13, 2025, and DENIES the remaining allegations in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 21 of the Complaint.

22. Defendant ADMITS he testified during a hearing in this action that he informed the BOE of the trespass ban and that they listened, and DENIES the remaining allegations in paragraph 22 of the Complaint.

23. Defendant DENIES the allegations in paragraph 23 of the Complaint.

24. Defendant ADMITS that he issued Plaintiff a No Trespass letter dated January 15, 2025, and DENIES the remaining allegations in paragraph 24 of the Complaint.

## CAUSES OF ACTION

### CLAIM 1: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

25. Defendant DENIES the allegations contained in paragraph 25 of the Complaint.

26. Defendant DENIES the allegations contained in paragraph 26 of the Complaint.

27. Defendant DENIES the allegations contained in paragraph 27 of the Complaint.

28. Defendant DENIES all other allegations in the Complaint not specifically admitted or otherwise denied above including, but not limited to, the requested relief in paragraphs 1-5 of the PRAYER FOR RELIEF section of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant specifically reserves the right to restate, re-evaluate, or recall any defenses and to assert additional defenses based on information learned or obtained during discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim fails in whole or in part for failure to adequately state a viable cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of qualified immunity and common law immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the common interest privilege.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because he did not engage in protected speech.

## FIFTH AFFIRMATIVE DEFENSE

Defendant always acted in good faith with the best interest of students and the District in mind and believing his actions to be lawful; thus, barring any award for punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant would have taken the same adverse action against Plaintiff even absent Plaintiff's alleged protected speech; thus, barring Plaintiff's claim under the *Mount Healthy* defense.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's entitlement to damages, if any, should be barred or substantially reduced due to his failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Whatever injuries or damages Plaintiff may have sustained, those injuries and/or damages were caused by Plaintiff's negligence, fault, improper conduct, misconduct, fault, and/or want of care and not by Defendant's improper or unlawful conduct; thus, Plaintiff's damages if any should be barred or substantially reduced accordingly.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

HANCOCK ESTABROOK LLP

By:______________________

Robert C. Whitaker Jr. (Bar Roll No. 515645)
Frank W. Miller (Bar Roll No. 102203)
*Attorneys for Defendant Scott Connell*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500